293 So.2d 896 (1974)
Arthur Lee WAYNE, Plaintiff-Appellant,
v.
OLINKRAFT, INC., Defendant-Appellee.
No. 12273.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1974.
Rehearing Denied April 23, 1974.
Writ Refused May 24, 1974.
*897 Kidd & Katz by Paul Henry Kidd, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, Jr., Monroe, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Plaintiff, surviving widow of Sam Allen Wayne, sued Olinkraft, Inc., in tort, for the death of her husband which was allegedly caused by the negligence of Olinkraft at its sawmill located at Huttig, Arkansas, on August 28, 1970. Defendant filed an answer and a motion for summary judgment. The motion was supported by attached affidavits setting forth defendant was a statutory employer of plaintiff under the Louisiana law and as such plaintiff's sole remedy was under the Louisiana Workmen's Compensation Act. For written reasons the lower court sustained the motion for summary judgment, dismissed plaintiff's suit, and she appeals. We affirm the judgment of the district court.
Olinkraft is engaged in the business of growing and hauling timber from its lands in Louisiana and Arkansas. It entered into a written contract on March 23, 1970, with the partnership of Joe C. Miller & Son of Union Parish, Louisiana. This contract provided Miller would cut Olinkraft's timber on approximately 360 acres of land located in Union Parish and would transport it on Miller's trucks to defendant's sawmills located in Louisiana and in Huttig, Arkansas. Pursuant to the contract Miller obtained workmen's compensation insurance from Employers Insurance Company of Wausau, insuring both Miller and Olinkraft. At the time of the contract between Miller and Olinkraft the deceased, residing in Union Parish, Louisiana, was employed by Miller primarily as a truck driver and had been so employed for several years preceding the accident. The deceased was employed by Miller at Marion, Louisiana, and when his duties required him to go into Arkansas to the Huttig mill he always returned to his home in Louisiana at the end of each day's work.
On August 28, 1970, the deceased left Union Parish driving one of Miller's trucks loaded with Olinkraft's logs and hauled the logs to defendant's mill in Arkansas. While he was in the process of unloading the logs at the Arkansas mill he was killed by the alleged negligence of employees of defendant.
*898 Soon after the death of her husband plaintiff filed a claim with Employers Insurance Company for workmen's compensation and funeral expenses under the Louisiana Workmen's Compensation Act. In due time she received the statutory amount for funeral expenses and began receiving weekly benefits due her under the Louisiana law. On August 27, 1971, the present tort action was instituted in Ouachita Parish, Louisiana, against Olinkraft, Inc., alleged to be a Delaware corporation with its principal place of business in Ouachita Parish, Louisiana.
Before this court appellant specifies the trial court erred in holding that the State of Louisiana should apply its workmen's compensation statute to the exclusion of a tort action, which allegedly would be available to plaintiff under the laws of Arkansas where the tort occurred.
The sole issue presented on appeal is purely legal in nature and narrow in scope, and simply is whether or not Louisiana law should be applied in this case. If so, the judgment of the trial judge should be affirmed; if not, the judgment should be reversed and the case remanded to the lower court for further proceedings.
It being undisputed that at the time of the accident Wayne was acting within the scope of his employment with Joe C. Miller & Son, which in turn was under contract to perform hazardous duties for defendant, plaintiff is clearly entitled, under the Louisiana Workmen's Compensation Act, to consider defendant as an employer. Louisiana Revised Statutes 23:1061. It is also equally clear that where an employee or his survivors have a remedy under the Louisiana Workmen's Compensation Act, this remedy is exclusive and bars recovery in tort against the contractor or the principal. Louisiana Revised Statutes 23:1032. Therefore, under the laws of Louisiana this plaintiff could not recover from Olinkraft in tort for the death of her husband.
Plaintiff alleges there is no provision in the Arkansas law classifying Olinkraft as an employer so as to make it liable to pay workmen's compensation benefits to plaintiff; consequently plaintiff would have a cause of action in Arkansas in tort against defendant.
The lower court based its decision on Jagers v. Royal Indemnity Co., 276 So.2d 309 (La.1973) and Romero v. State Farm Mutual Automobile Insurance Co., 277 So.2d 649 (La.1973). Counsel for appellee also urges in brief that Jagers and Romero are controlling and, further, that these cases were followed in rapid succession by Sullivan v. Hardware Mutual Casualty Co., et al., 278 So.2d 30 (La.1973) and McNeal v. State Farm Mutual Automobile Insurance Co., 278 So.2d 108 (La.1973). While we find the language in Jagers and the other cases to be helpful, they are factually different from our case. In Jagers for example, a Louisiana resident brought suit against her major son, a Louisiana resident, and their liability insurer for an accident which occurred in Mississippi. The court classified this as a "false conflict of laws" case since Mississippi had no interest in the application of its law. Similar facts were present in the Romero, Sullivan and McNeal cases.
Here we do not have a "false conflict" case because Arkansas has some interest in the application of its law. Olinkraft is a Delaware corporation but it was authorized to and was doing business in the State of Arkansas even though its principal place of business was in the State of Louisiana. Olinkraft operated sawmills in both Arkansas and Louisiana. While we do not have a jurisdictional or constitutional question, we do have a question of "choice of law".
Throughout the opinion in Jagers and its progeny we find an effort to bring clarity to our law in a realistic way and in so doing Restatement, Second, Conflict of Laws, is cited several times. For this and other reasons, we take the liberty of quoting rather extensively from Restatement, Second, Conflict of Laws. Section 183 provides:
"A State of the United States is not precluded by the Constitution from providing *899 a right of action in tort or wrongful death by the fact that the defendant is declared immune from such liability to the plaintiff by the workmen's compensation statute of a sister State under which the plaintiff
(a) could obtain an award against the defendant, or
(b) has obtained, or could obtain, an award against another person."
However, it is equally clear than even though there is no constitutional prohibition against providing a remedy for tort or wrongful death, § 184 covers a true question of "choice of law":
"Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which
(a) the plaintiff has obtained an award for the injury, or
(b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187-188 and 196."
The official comment under this Section explains the scope of the section and the rationale for its adoption:
"Comment:

"a. Scope of section. The rule of this Section applies to all actions in tort or wrongful death that may be brought to recover damages for injuries suffered by an employee in the course of his employment. The rule applies both to actions brought against an immediate employer and to actions brought against a person who is not an immediate employer. The rule applies whether the defendant is required to obtain workmen's compensation himself or to provide that some third person, such as a subcontractor, obtain such insurance. Application of the rule of this Section is not required by the Constitution of the United States (see § 183).

"b. Rationale. Workmen's compensation usually has two basic purposes: (1) to benefit the employee by providing that regardless of fault he will be compensated for all injuries received in the course of his employment, and (2) to place some restrictions upon the cost of industrial accidents by providing that the employer, and sometimes other persons as well, shall be liable for the employee's injuries only in accordance with a fixed scale of damages, and shall be relieved from liability for tort or wrongful death. The statutes usually exempt from tort or wrongful death liability only such persons as are required by statute to provide workmen's compensation insurance for the employee. The immediate employer is usually granted such an immunity. Under some statutes, a workmen's compensation obligation, and a corresponding immunity from liability for tort and wrongful death, is extended to an employer of an independent contractor with respect to the latter's employees and to a general contractor with respect to the employees of a subcontractor.
"A state will not be deterred from granting relief under its workmen's compensation statute by the fact that the employee could obtain an award for the same injury under the statute of one or more other states. This is so even though the latter statute or statutes purport to provide the employee with an exclusive remedy (see § 182). No injustice will result from the application by a state of its own workmen's compensation statute in such a situation. Any additional rights that the employee may have under the statute of another state will remain enforceable, at least as a general rule, in that other state after the rendition of an award in the first state (see § 182, Comment b). Any recovery the employee may receive under the workmen's compensation statute of one state will be *900 credited against any further recovery he may receive under the statute of a second state.
"Suits for tort or wrongful death present different considerations. It is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states. Also to deny a person the immunity granted him by a workmen's compensation statute of a given state would frustrate the efforts of that state to restrict the cost of industrial accidents and to afford a fair basis for predicting what these costs will be. All states are sympathetic with the policies underlying workmen's compensation, and all states grant certain persons immunity from liability for tort or wrongful death, although the provisions of the various statutes do differ in matters of detail. For all of these reasons, a state will not hold a person liable for tort or wrongful death under the circumstances stated in the present rule.
"Under the rule of this Section, a defendant will be accorded immunity from tort or wrongful death liability if he is given such immunity by the workmen's compensation statute of any state under which he is required to provide insurance against the particular risk and under which the plaintiff has already obtained an award for the injury. A person who accepts an award under the workmen's compensation statute of a given state may justly be held bound by the provisions of that statute insofar as immunity from tort and wrongful death liability is concerned.
"Even if no workmen's compensation award has as yet been obtained, a defendant will also be accorded immunity from tort or wrongful death liability if he is given such immunity by the workmen's compensation statute of a state under which he is required to provide insurance against the particular risk and under which the plaintiff could obtain an award for the injury if this state is the state (a) where the injury occurred, or (b) where the employment is principally located, or (c) where the employer supervised the employee's activities from a place of business in the state, or (d) which has the most significant relationship to the contract of employment with respect to the issue of workmen's compensation under the rules of §§ 187-188 and 196. These states are readily ascertainable and all have a substantial relationship to the employer and employee and to the contract of employment. It may be that the defendant will be accorded immunity from tort or wrongful death liability by application of the workmen's compensation statutes of still other states under which an award could be obtained for the injury. Thus, it may be that effect will be given by another state to an immunity from tort or wrongful death liability that is accorded the defendant (a) by the workmen's compensation statute of a state which has a reasonable relationship to the parties and to the employment contract and is designated in the contract of employment as the state whose local law is to govern the rights of the parties or (b) by the workmen's compensation statute of the state where the employee was domiciled at the time of the injury provided that the employee could there obtain a workmen's compensation award on account of the injury."
The only element required by Section 184 of the Restatement not present in our case is that defendant is not shown to have been required to provide insurance against the particular risk but is liable as an employer under the Louisiana Compensation Act. Additionally, Louisiana Revised Statutes 23:1181 requires an employer not domiciled in the state, who does not own immovable property within this state assessed at $25,000, who is subject to the workmen's compensation act, to take out and carry workmen's compensation insurance or furnish satisfactory proof of its financial ability to pay such compensation.
*901 Application of Section 184 of the Restatement, as explained in the official comments thereunder, would mean an affirmation of the judgment of the lower court. We adopt this version because it is logical and fair and lends stability to the "choice of law" where a state other than the forum state has an interest in the application of its laws.
For some interesting and enlightening articles discussing the general law in this area, preceding the Jagers case, see Conflict of Laws in Louisiana: Tort, 39 Tul. L.Rev. 96; The Place of Wrong: A Study in the Method of Case Law, 19 Tul.L.Rev. 165; Choice-of-Law, Guest Statutes, and the Louisiana Supreme Court: Six Judges in Search of a Rulebook, 45 Tul.L.Rev. 100.
For the reasons assigned the judgment of the lower court is affirmed at appellant's cost.