Karen CARRIERE, Individually and as Surviving Spouse of Joseph Ronald Carriere: David Chad Carriere and Christy Carriere Higginbotham, Children of the Deceased, Joseph Ronald Carriere, and Annie Carriere, Mother of the Deceased, Joseph Ronald Carriere, plaintiffs,

v.

C.C. CRANE CORP. and Grey Wolf Drilling Company, defendants.

Civ. A. No. G–91–459.

United States District Court, S.D. Texas, Galveston Division.

Dec. 10, 1992.

Arthur L. Schechter, Houston, TX, for plaintiffs.

James R. Watkins, Robert S. DeLange, Galveston, TX, Kenneth G. Engerrand, & John R. Walker, C.L. Solomon, Keith E. Wyatt, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Before the Court is Grey Wolf Drilling Company's (Grey Wolf) Motion and Supplemental Motion for Summary Judgment. After consideration of the pleadings and the evidence before it, this Court is of the opinion that the motions should be granted.

### Facts

The Decedent Ronald Joseph Carriere was killed October 2, 1990 while working in Texas as an assistant tool pusher for Grey Wolf Drilling Company. At the time of his death, Carriere was a resident and citizen of Louisiana. Carriere had accepted employment with Grey Wolf in Louisiana and his supervisors were located in the company's Duson, Louisiana office. Grey Wolf is a Texas corporation, and was a contributor under the Texas Workers' Compensation Act at the time of the accident. Grey Wolf is also a contributor under the Louisiana Workers' Compensation Act.

Decedent's widow, Karen Elaine Carriere, has been receiving benefits pursuant

to the Louisiana Workers' Compensation Act. At present her claim is being handled in Louisiana and Grey Wolf's compensation insurer is paying her death benefits. Plaintiff Karen Elaine Carriere filed a claim for Death Benefits with the Texas Industrial Accident Board on March 31, 1992. Plaintiffs have sued Grey Wolf solely under Tex.Rev.Civ.Stat. Art. 8306 § 5, which allows a cause of action against an employer for gross negligence.

### Motion for Summary Judgment

Defendant Grey Wolf moves for summary judgment on the basis that Plaintiffs' exclusive remedy is under the Louisiana Workers' Compensation Act, La.Rev.Civ. Stat.Ann. § 23:1035.1, and that Defendant is entitled to judgment as a matter of law. Plaintiffs argue that the Texas Workers' Compensation scheme is applicable and as a result, that Plaintiffs are entitled to seek recovery for the gross negligence of Defendant. The main issue before the Court is whether employer immunity for separate tort actions, found in the Louisiana Workers' Compensation Act, bars the present suit in Texas.

### 1. Louisiana Act's Extraterritorial Provision

■ The first question addressed is whether Decedent's death is covered by the Louisiana Act. The Louisiana Act covers accidents and deaths outside of the state through its extraterritorial provision.[1] Louisiana courts have applied this provision many to injuries and deaths of Louisiana residents in other states. Welch v. Travelers Ins. Co., 225 So.2d 623, 624 (La.App.— 1st Cir.,1969); Mattel v. Pittman Construction Co., 180 So.2d 696 (La.1965).

Plaintiffs have admitted that Decedent was a resident of Louisiana, was offered and accepted employment in the state, was hired by Grey Wolf at its Duson, Louisiana office, worked part of the time in Louisiana, and some of his supervisors were located in Duson. See Exhibit "A" attached to Defendant's Motion for Summary Judgment. This evidence is sufficient to prove as a matter of law that Decedent entered into a contract for hire in Louisiana and that the Louisiana Compensation Act would thus be applicable.

### 2. The Exclusivity Provision of the Louisiana Act

Further, not only is the act applicable, but Decedent's widow has already applied for and begun receiving benefits under the Louisiana Compensation Act. Receipt of those benefits, Grey Wolf argues, bars the instant tort suit in Texas. This argument is supported by case law.

In Wayne v. Olinkraft, Inc., 293 So.2d 896, 900 (La.App.—2d Cir.1974, writ refused), the court held that recovery in tort for the death of a Louisiana resident whose widow had obtained compensation under the Louisiana Workers' Compensation Act was not permissible in Arkansas, although decedent had died in that state. The decedent's compensation remedy against his employer was exclusive to that allowed under the act, which barred any recovery in tort.[2]

■ This provision of exclusivity provides broad immunity to the employer, unless an employee can prove that his work-related injury is the result of an intentional tort.[3] Once an employee or his surviving spouse submits claims and begins receiving benefits pursuant to a workers' compensation scheme, then they are bound to that scheme. One cannot pick and choose which part of a scheme one will comply.

■ Plaintiffs argue that the Texas Workers' Compensation Act also applies to

---

**1.** § 1035.1 *Extraterritorial Coverage*
　1) If an employee, while working outside the territorial limits of this state, suffers an injury ... or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of the injury
　(a) his employment is principally localized in this state, or

(b) he is working under a contract of hire made in this state.

**2.** *Miles v. Delta Well Surveying Corp.*, 777 F.2d 1069 (5th Cir.1985). *See* also La.Rev.Stat.Ann. § 23:1032 (1985).

**3.** *Bradshaw v. Anco Insulation, Inc.*, 450 So.2d 733, 734 (La.App.—5th Cir.1984).

the facts of Decedent's accident. However, that issue is not before the Court. Whether the fact that Mrs. Carriere voluntarily submitted and accepted benefits under the Louisiana scheme bars her filing suit in Texas is the issue at hand. Having elected to accept benefits in Louisiana, she is bound to the exclusivity provision unless her claim falls under the narrow intentional tort exception.

In addition, Plaintiffs further argue that the application of the Texas Act is more appropriate under the circumstances. Admittedly, several states might have an interest in the accident of an employee and thus rendering the various states' workers' compensation acts applicable. However, once receiving benefits under an act which bars subsequent tort recovery, one cannot then apply under another state's act which would allow such a suit.[4]

An instructive case on this very issue is found in the Eighth Circuit. In *Olson v. American Oil Co.*, 604 F.2d 26 (8th Cir. 1979) affirming 474 F.Supp. 560 (D.N.D. 1978), an oil company provided coverage for all its employees in North Dakota and Minnesota. Because Mr. Olson traveled to parts of North Dakota and Minnesota while performing his duties, he was covered in both of those states. As a result, although Mr. Olson was injured while in North Dakota, he could have filed in either state. Mr. Olson chose to collect according to the Minnesota Workmen's Compensation laws.

Nevertheless, the court applied the employer immunity provision of the North Dakota Workmen's Compensation scheme which barred Olson from maintaining a tort action, although Olson had chosen to file under the Minnesota Act. The court held that the employee's election not to file for North Dakota scheme benefits does not defeat the limited immunity which that scheme provides to a subscribing employer under its workmen's compensation law. *Id.* at 562. Moreover, the court would have applied the provision even if Olson had not been covered by the North Dakota scheme by virtue of the Full Faith and Credit Clause, Article IV, § 1 of the United States Constitution. *Id.*

In *Olson*, a court applied a sister state's immunity provision even in the instance when the employee elected to avoid the provision by applying for compensation in another state which the employer was also a contributor. Likewise, this Court should not allow Decedent's spouse to maintain a tort action in Texas once she has begun receiving benefits from the scheme of the immunity providing state, Louisiana. To do otherwise would not give full faith and credit to the policies which an "interested" sister state wants to preserve in providing for employer immunity.[5]

**4.** Plaintiffs mention that *Wayne V. Olinkraft*, 293 So.2d 896 (La.App.—2d Cir.,1974 writ refused) acknowledges that the same injury may be compensable under the workers' compensation statute of more than one state. (the court quoting comment b of § 184 of the Restatement Second, Conflict of Laws which mentions that no constitutional prohibition exists against a state providing a action in tort or wrongful death by the fact that another state declares defendant immune). However, the court also acknowledges, in choice of law, the comment's distinguishing of suits for tort or wrongful death.

"It is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states. . . .
Under the rule of this Section, a defendant will be accorded immunity from tort or wrongful death liability if he is given such immunity by the workmen's compensation statute of any state under which he is required to provide insurance against the particular risk and under which the plaintiff has already obtained an award for the injury. A person who accepts an award under the workmen's compensation statute of a given state may justly be held bound by the provisions of that statute insofar as immunity from tort and wrongful death is concerned." *Wayne* at 900.

**5.** These policies are usually: (1) to benefit the employee by providing that regardless of fault that an employee will be compensated for all injuries suffered within the course of his employment; and (2) to place restrictions upon the cost of industrial accidents by providing that the employer shall be liable for employee's injuries only in accordance with a fixed scale of damages and shall be relieved from liability for tort or wrongful death. *Wayne* at 899 (quoting from comment b, *Restatement Second, Conflict of Laws*).

Even though the facts in *Olson* were slightly different from the facts of the instant case, the result should be the same. Both employees could have applied for compensation in either of two states. *Olson* allowed the contributing employer to benefit from the immunity provision of one state even in the event that the employee chose the other state's compensation scheme. Nothing less should be allowed in the instant case, where Plaintiff Mrs. Carriere has been accepting benefits voluntarily under the Louisiana Workers' Compensation Act.

### Conclusion

After consideration of the pleadings and arguments of counsel, this Court is of the opinion that as a matter of law Plaintiffs cannot maintain a suit for tort and that there is no genuine issue of material fact regarding Plaintiffs' claims against Grey Wolf. As a result, Plaintiff's claims brought pursuant to Texas law are dismissed as against Grey Wolf Drilling. Therefore, it is

ORDERED and ADJUDGED that Defendant Grey Wolf Drilling Company's Motion and Supplemental Motion for Summary Judgment are GRANTED accordingly.