**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 94-40119

MANSEL J. CARRIERE and
JANELL L. CARRIERE,

                                        Plaintiffs-Appellants,

                        and

AETNA CASUALTY & SURETY COMPANY,

                                        Intervenor-Appellant,

                        versus

CHANDELEUR ENERGY CORPORATION, ET AL.,

                                        Defendants,

                        and

GREY WOLF DRILLING COMPANY, INC., and
PETROLEUM MARINE INSURANCE COMPANY, INC.,

                                        Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
(CA No. 92-1111 L-O)

(December 9, 1994)

Before REYNALDO G. GARZA, WIENER, and EMILIO M.  GARZA, Circuit
Judges.

PER CURIAM[*]:

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."

Plaintiffs-Appellants Mansel and Janell Carriere, and Appellant-Intervenor Aetna Casualty & Surety Company, appeal a district court order granting the motion of Defendant-Appellee Grey Wolf Drilling Company for summary judgment. Grey Wolf's motion sought dismissal of the Carrieres' tort claim for a work-related injury sustained by Mr. Carriere. The district court granted the motion based on the statutory employer immunity provision of the Louisiana workers' compensation law.

The Carrieres and Aetna (collectively, Appellants) challenge the district court's summary judgment in favor of Grey Wolf, asserting that the court erred when it decided to apply Louisiana workers' compensation law rather than the law of Texas. Appellants insist that their claim against Grey Wolf raises a choice of law issue that must be resolved according to Louisiana's conflict of laws provisions. Appellants urge that, when the appropriate Louisiana conflict of laws provision is applied to the facts of this dispute, it becomes apparent that the substantive law of Texas governs their claim against Grey Wolf.

Contrary to the Appellants' assertions, we conclude that the district court made the proper conflicts choice when it selected Louisiana law and properly applied it in granting Grey Wolf's motion for summary judgment based on the immunity extended to statutory employers under Louisiana workers' compensation law. In our de novo review of the district court's ruling we conclude that,

_____

Pursuant to that Rule, the Court has determined that this opinion should not be published.

2

when considered under the totality of the circumstances, Louisiana's public policy, as manifested in its workers' compensation law, would be seriously impaired if that law were not applied to this particular dispute. In light of this determination, we reach the same result as did the district court when it granted Grey Wolf's motion for summary judgment of dismissal.

## I

## FACTS AND PROCEEDINGS

Plaintiff-Appellant Mansel Carriere, a Louisiana resident, was hired in Louisiana by Chandeleur Energy Corporation, a Texas corporation, to work at a drill site in Texas. Grey Wolf, another Texas corporation, conducted the drilling project using personnel furnished by Chandeleur pursuant to a contract between Chandeleur and Grey Wolf. Under this contract Chandeleur agreed to provide Grey Wolf with the laborers and supervisory personnel necessary to drill the well.

After Carriere was injured at the Texas location, he and his wife, Janell, brought this diversity jurisdiction suit in federal district court. The action was grounded in negligence and strict liability against both Chandeleur and Grey Wolf.

Chandeleur filed a motion for summary judgment asserting that, as Carriere's direct employer, it is immune from civil tort liability for its employee's work-related injury by virtue of the exclusive remedy provisions of Louisiana's workers' compensation law. The district court granted Chandeleur's motion, concluding

3

that the Carrieres' claim against Chandeleur was governed by Louisiana workers' compensation law. The district court found that the Carrieres' sole remedy against Chandeleur was the recovery of benefits provided by Louisiana's workers' compensation laws. As Louisiana law immunizes direct employers from civil liability claims that are covered by workers' compensation, the Carrieres' suit against Chandeleur was dismissed. This ruling was not appealed.

After the district court ruled on Chandeleur's summary judgment motion, Grey Wolf filed its own motion for summary judgment. It posited that under Louisiana workers' compensation law, Grey Wolf, as Carriere's "statutory employer," is also immune from civil liability. The district court agreed with Grey Wolf and granted its motion for summary judgment based on the immunity extended to statutory employers under Louisiana law. The Carrieres and Aetna timely filed this appeal.

II

DISCUSSION

A. STANDARD OF REVIEW

The grant of a motion for summary judgment is reviewed de novo, using the same criteria employed by the district court.[1] In determining whether the grant of summary judgment was proper, we view all fact questions in the light most favorable to the

---

[1]United States Fidelity & Guar. Co. v. Wigginton, 964 F.2d 487, 489 (5th Cir. 1992); Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

nonmovant.  Questions of law are reviewed de novo.[2]

B. DIVERSITY AND CONFLICT OF LAWS

The Carrieres, domiciliaries of Louisiana, brought suit against Grey Wolf, a Texas corporation, in a federal district court in Louisiana, with jurisdiction grounded in diversity of citizenship.  Federal courts sitting in diversity are bound to apply the substantive law of the forum state, including the forum state's conflict of laws provisions.[3]  Thus, argue appellants (and none disputes) the court must look to Louisiana's conflict of laws provisions to determine whether the substantive law of Texas or Louisiana governs this claim.

1. Article 3544: Financial Protection and Loss Distribution

Appellants assert that, as their dispute involves a choice of law between the statutory immunity provisions of the workers' compensation laws of Louisiana and Texas, it fits within the scope of Civil Code article 3544, the conflict of laws rule covering issues of loss distribution and financial protection.[4]  The

---

[2]Walker, 853 F.2d at 358.

[3]Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941).

[4]See LA. CIV. CODE ANN. art. 3544 (2)(a) (West 1994) (conflict of laws provision for issues of loss distribution and financial protection) (prescribing that if at time of injury, injured person and person causing injury are domiciled in different states, and both injury and conduct causing injury occur in one state, laws of that state govern).

Carrieres and Aetna rely on <u>Kennington v. H. Blume Johnson, Inc.</u>,[5] which resolved a statutory employer immunity conflict of laws issue between Louisiana and Texas workers' compensation laws by applying Civil Code article 3544 to the conflict.[6] A threshold issue in <u>Kennington</u> was whether the appropriate Louisiana conflicts provision was article 3543, the Civil Code provision governing standards of conduct and safety, or article 3544, the provision governing issues of loss distribution and financial protection. In resolving the choice of law issues by applying article 3544, the <u>Kennington</u> court reasoned that statutes that provide immunity from suit are appropriately classified as rules of loss distribution or financial protection.[7] Once the court determined that article 3544 governed the choice of law issue and applied the facts of the dispute to the provision, it concluded that Louisiana law was the

---

[5]632 So.2d 883 (La. App. 1994) <u>revs'd</u> on other grounds, 638 So.2d. 1966 (La. 1994).

[6]<u>Id</u>. at 886. Kennington, a Louisiana employee, was "leased" by his direct employer (a Louisiana corporation) to the defendant-appellant (a Louisiana corporation), and was subsequently injured at a Texas job site. Kennington initially brought suit in Louisiana. He later tried to dismiss the matter without prejudice and file suit in Texas, claiming that Texas law, rather than Louisiana law, governed the case. The trial court determined that, as the Louisiana-based defendant was Kennington's statutory employer, the claim was covered exclusively by the Louisiana's workers' compensation act. Consequently, the trial court granted summary judgment in favor of the defendant. Kennington appealed, questioning the trial court's application of Louisiana law, and arguing that Texas law, rather than Louisiana law governed the dispute. The appellate court resolved the conflict of laws issue in favor of Louisiana law, and affirmed the summary judgment based on the immunity extended to statutory employers under Louisiana's workers' compensation law.

[7]<u>Id</u>.

substantive law to apply to the dispute.

The Carrieres and Aetna point out that, like the choice of law issue in <u>Kennington</u>, their dispute against Grey Wolf involves a conflict between the statutory employer provisions of Texas and Louisiana workers' compensation law. The appellants suggest that, as <u>Kennington</u> represents Louisiana's interpretation of the state's recently revised conflict of laws provisions, we should be led by the state court's reasoning and resolve the instant conflict according to the elements of article 3544. They argue that, when the facts of the instant dispute are plugged into article 3544(2), the Code mandates that Texas law governs their claim against Grey Wolf.[8]

We agree that statutory employer immunity provisions involve issues of financial protection and loss distribution. We also agree that article 3544 of the Louisiana Civil Code is the appropriate conflicts provision with which to <u>begin</u> the choice of law analysis for this dispute. We do not agree, however, that, for this particular dispute, the choice of law analysis <u>ends</u> with the definitive result mandated by article 3544(2). We distinguish the facts of the instant case from <u>Kennington</u> and, for the reasons discussed below, conclude that the choice of law issue here presents an exceptional situation. It thus comes within the scope

---

[8]<u>See</u> LA. CIV. CODE ANN. art. 3544(2) (West 1994) (when injured person and person causing injury are from different states (here Louisiana and Texas), and when injury and conduct that caused it are in one of those states (Texas), then law of that state (Texas) governs dispute).

7

of the Code's conflict of laws provision for exceptional cases, which in this instance requires the application of Louisiana law to the dispute despite the fact that article 3544(2) mandates that Texas law applies.

In distinguishing the facts of the instant case from those of Kennington we first observe that previous adjudication has already determined that Carriere is entitled to Louisiana workers' compensation benefits, whereas, the Louisiana Supreme Court, in reversing and remanding Kennington, concluded that Kennington's statutory employer was not entitled to evoke Louisiana's statutory employer defense because it had not satisfied its burden of showing that Kennington was entitled to Louisiana benefits. In addition, we consider significantly distinguishable the fact that unlike the plaintiff in Kennington, Carriere has already received compensation from his direct employer pursuant to Louisiana's workers' compensation law. Moreover, we note that, unlike Kennington, in which the court reasoned that Louisiana law was the appropriate substantive law to apply because the same result was reached using either an article 3544 analysis or a separate interest analysis, we are unable to reach an analogous result.[9] We are convinced that

---

[9]In conducting a separate interest analysis the court noted that Louisiana law was the appropriate law to apply to the dispute because Louisiana's interests and policies were stronger than those of Texas. The court considered the following factors in its analysis: both parties were Louisiana domiciliaries, the plaintiff's employment was principally in Louisiana, the work in Texas was temporary, the only nexus between Texas and the parties was the occurrence of the accident there, and Louisiana has a strong interest in applying its workers' compensation laws to regulate the rights and liabilities of the employer and the injured employee.

even though a conflicts analysis under article 3544(2) would mandate the application of Texas law, a separate interest analysis reveals that Louisiana law would be most seriously impaired if Texas law were applied to the dispute. In light of these incompatible conclusions, we determine that we must look to the Code's conflict of laws provision that addresses this type of "conflict within a conflict." Thus, we carry the choice of law analysis presented in this appeal a step further and analyze it under article 3547, the Code provision governing "exceptional cases."[10]

### 2. Article 3547: Exceptional Cases

Article 3547 provides the following:

> [t]he law applicable under Articles 3543-3546 shall not apply if, from the totality of the circumstances of an exceptional case, it is clearly evident under the principles of Article 3542, that the policies of another state would be more seriously impaired if its law were not applied to the particular issue. In such event, the law of the other state shall apply.[11]

Commentary to article 3547 notes that the choice of law rules contained in Articles 3543-3546 were established to avoid the laborious analysis required by Article 3542, the general rule for

---

[10]We are not concluding that section 3544 never applies to a dispute involving competing statutory employer immunity provisions. Neither are we contradicting the Louisiana courts' interpretation of the code's conflicts provisions. We are merely taking the conflicts analysis the necessary step further in light of our conclusion that given the exceptional status of this dispute the policies of Louisiana would be adversely affected if Texas law was applied to the dispute.

[11]LA. CIV. CODE ANN. art. 3547 (West 1994).

9

choice of law issues.  The commentary also notes, however, that the rules contained in Articles 3543-3546 may, in exceptional cases, produce a result that is incompatible with the principles of Article 3542.  Thus, article 3547 provides an "escape mechanism" for avoiding otherwise incompatible results in resolving choice of law issues.

When a court is convinced that the laws of a state other than the one designated by Articles 3543-3546 would be significantly impaired if not applied to a dispute, then the law that is designated by Articles 3542-3546 must yield to Article 3542 and the law of the state whose policies would be most seriously impaired governs the particular dispute.[12]  As we are convinced that Louisiana law would be most seriously impaired if Texas law were applied to the dispute, thereby concluding that Texas law must yield to Louisiana law, we discuss briefly the key elements of article 3547, namely the principles of Article 3542 and the totality of the circumstances that lead us to conclude that this is an exceptional case.

a. *Principles of Article 3542: An Interest Analysis*

Article 3542 provides that, except as otherwise provided, issues of delictual or quasi-delictual obligations are governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to the issue in dispute.[13]

---

[12]LA. CIV. CODE ANN. art. 3547 commentary (West 1994).

[13]LA. CIV. CODE ANN. art. 3542 (West 1994).

That state is determined by evaluating the strength and pertinence of the state's policies in light of the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury; the domicile or place of business of the parties; the state in which the relationship was centered; and the policies of Article 3515 (the policies and needs of interstate systems, the policies of upholding the justified expectations of the parties, and the policy of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state).

We compare the policies and interests of both Texas and Louisiana to support our conclusion that, as Louisiana's interests and contacts are greater than those of Texas, the policies of Louisiana would be most seriously impaired if its laws were not applied to the instant dispute. Texas' interests are (1) Grey Wolf is incorporated in Texas; (2) the place of conduct and injury are in Texas; and (3) Texas, we surmise, has an interest in deterring wrongful conduct and repairing the consequences of injurious acts. Louisiana's interests - stronger by comparison - are (1) Carriere is domiciled in Louisiana; (2) Grey Wolf is qualified to do business in Louisiana, and is doing business in Louisiana; (3) Carriere was working for Grey Wolf pursuant to a Louisiana contract for hire; (4) Carriere's direct employer, with whom Grey Wolf established the contractual relationship to "hire" Carriere is domiciled in Louisiana; (5) Carriere has received workers' compensation benefits for his injury pursuant to Louisiana law; (6)

11

Louisiana has an interest in protecting both citizens who are recruited and hired in Louisiana and employers that are doing business in the state; (7) Louisiana has an interest in protecting foreign corporations in order to create a friendly business atmosphere in which to promote commerce and industry; (8) Louisiana has an interest in the consistent and comprehensive implementation of its workers' compensation laws; and (9) as articulated by article 3515, the policies and needs of the interstate system, which includes the expectations of the parties and the minimization of adverse consequences that might follow from subjecting a party to the law of more than one state are best served in this dispute by the application of Louisiana law. When the totality of these factors is considered it is evident that the policies of Louisiana would be more seriously impaired if Texas law were applied to this dispute than would Texas if Louisiana law were applied.

b. *Totality of the Circumstances and Exceptional Cases*

To reach our classification of this case as "exceptional," we analyze it in the perspective of the totality of the circumstances: Carriere's accident yielded claims against two contractually related defendants, Chandeleur and Grey Wolf; the Carrieres' claim against Chandeleur, a foreign corporation and Carriere's direct employer, was resolved properly by application of Louisiana's workers' compensation law; Carriere was compensated for his injury pursuant to Louisiana law; Appellants' claims against Grey Wolf - which are based on the same accident - are made against a second defendant which, like Chandeleur, is also a foreign corporation;

12

under Louisiana law - the same law that has already compensated Carriere for his injury vis á vis the first defendant (Chandeleur) - the second defendant (Grey Wolf) clearly qualifies as an immunized statutory employer,[14] yet in this dispute, Carriere urges us to apply Texas law so that he can recover in tort against Grey Wolf; and finally if, by running Appellants' claims simplistically through a Civil Code article 3544(2) checklist, we were to conclude that Texas law applies, we would be guilty of failing to consider the effect that such a ruling would have on Louisiana's workers' compensation law - again, the law under which Carriere has already applied for and received benefits.

c. *Analogous Case Law*

When an analysis under article 3547 is viewed in conjunction with Louisiana's interest in the consistent and comprehensive application of its workers' compensation law we see clearly that, if Texas law were to be applied to this dispute, Louisiana law and the policy it embodies would be seriously impaired. The propriety

---

[14]See LA. REV. STAT. ANN. § 23:1032 A. (1)-(2) (West 1994) (articulating that remedies provided to employee under statute are exclusive remedies against employer and statutory employer, thereby immunizing employer(s) from civil tort liability); see also, Morgan v. Gaylord Container Corp., 30 F.3d 586, 589 (5th Cir. 1994) (citing Deal v. International Paper Co., 632 So.2d 870, 871 (La. App. 1994), rev'd, 637 So.2d 453 (La. 1994)) (reiterating that statutory employer relationship exists when contract work performed by employee is integral or essential to principal's trade or business); see also Salsbury v. Hood Indus., Inc., 982 F.2d 912, 916 (5th Cir. 1993) (articulating that appropriate standard for determining statutory employer status is "integral relation" test). The parties do not dispute that under Louisiana law, Grey Wolf is Carriere's statutory employer, and thus, is immune from civil tort liability for any claims arising from an injury that is compensated under the state law.

13

of this conclusion is bolstered by the recognition that once an injured employee elects to seek and receive worker's compensation benefits under the workers' compensation law of Louisiana, he is bound to its provisions, including specifically the exclusivity provisions.[15]  Agreeing with the reasoning of the district court in Crane, we conclude that if, under the totality of its circumstances of the instant case, Mansel Carriere were permitted to bring suit against Grey Wolf in Louisiana but were also permitted to have Texas law apply - despite his having received benefits under the Louisiana regime - we would not be giving "full faith and credit to the policies which [Louisiana] wants to preserve in providing for employer immunity."[16]

Our Erie-bound decision to protect Louisiana's workers' compensation law to its full extent comports with an earlier Louisiana state court case, Wayne v. Olinkraft,[17] in which the court reviewed a choice of law issue almost identical to the one at issue

---

[15]See e.g., Carriere v. C.C. Crane Corp., 812 F. Supp. 90, 91 (S.D. Tex. 1992)(hereinafter, "Crane").  In Crane, Ronald Carriere, a Louisiana resident, was killed in Texas while working for the defendant, Grey Wolf, a Texas corporation.  As a result of Carriere's death, his widow began receiving benefits pursuant to Louisiana workers' compensation laws.  Subsequently, Mrs. Carriere filed a claim against Grey Wolf for death benefits under Texas law. The district court granted Grey Wolf's motion for summary judgment, holding that once Mrs. Carriere began receiving Louisiana workers' compensation benefits she was bound to Louisiana workers' compensation law.  As Louisiana law immunized Grey Wolf from civil liability for Carriere's death, the district court would not permit Mrs. Carriere to sustain a tort action against Grey Wolf based on Texas law.  Id. at 90 - 93.

[16]Id. at 92.

[17]293 So.2d 896 (La. App. 1974).

14

in the instant case.[18]  In _Wayne_ the state appellate court discussed

the Restatement (Second) Conflict of Laws in detail before holding

that an employee who accepts an award under the workers'

compensation scheme of a given state may be bound by the provisions

of that scheme insofar as immunity from tort and wrongful death

liability is concerned.[19]  The state court concluded that the

_____

[18]_See_ _id_. The plaintiff in _Wayne_ was the widow of an employee
whose employer had contracted out its services (and employees) to
the defendant corporation.  The deceased employee, a Louisiana
domiciliary, was hired in Louisiana by his direct employer, a
Louisiana corporation, but was killed while working in Arkansas for
the defendant, his statutory employer. The employee's widow filed
for, and began receiving, Louisiana workers' compensation benefits
under the direct employer's compensation insurance policy.
Subsequently, she brought a tort action against the defendant in
Louisiana.  The trial court granted the defendant's motion for
summary judgment based on Louisiana's statutory employer immunity.
The plaintiff appealed the trial court's grant of summary judgment,
asserting that Arkansas law rather than Louisiana law governed the
dispute.  The appellate court affirmed the trial court's grant of
summary judgment based on Louisiana workers' compensation law,
holding that as plaintiff had received Louisiana benefits, she was
bound to the full extent of Louisiana law.


[19]_Id_.at 900.  The court in _Wayne_ recognized that there are
occasions when conflict of laws provisions permit tort actions in
one state even though another state declares the defendant immune.
_See_ _e.g._, Restatement (Second) Conflict of Laws, § 183
(articulating that a state is not precluded from permitting an
action in tort or wrongful death by the fact that party would be
immune under a sister state's workers' compensation laws).
The _Wayne_ court based its holding, however, on the distinction
noted in section 184 of the Restatement, which reads as follows:
  Recovery for tort or wrongful death will not be permitted
  in any state if the defendant is declared immune from
  such liability by the workmen's compensation statute of
  a state under which the defendant is required to provide
  insurance against the particular risk and under which
  (a) the plaintiff has obtained an award for the injury, or
  (b) the plaintiff could obtain an award for the injury,
  if this is the state (1) where the injury occurred, or
  (2) where employment is principally located, or (3) where
  the employer supervised the employee's activities from a
  place of business in the state, or (4) whose local law

15

principles of the Restatement offered a logical, fair, and stable solution to the conflict of laws issue.[20]

We are satisfied that Crane and Wayne still tender "good law" despite their antedating the substantial revision of the Louisiana Civil Code's conflict of laws provisions. These cases highlight the exceptional status of this dispute, provide analogous support for our conclusion that Louisiana law would be seriously impaired if Texas law were applied to the instant dispute, and dictate our ultimate conclusion that once an injured employee applies for and receives benefits from the workers' compensation laws of a given state, the laws of that state apply in full to related claims of the injured employee.

Today's holding should not be interpreted, however, as blanket protection for foreign corporations under Louisiana law. Rather, it is a particularized response to an exceptional case; a response that avoids the piecemeal application of different laws to an equally piecemeal attempt to obtain double - or at least

---

> governs the contract of employment under the rules of ss 187-188 and 196.

Restatement (Second) of Conflict of Laws § 184 (1969).

> Commentary to the Restatement notes that this rule applies to actions brought against immediate employers and indirect employers. In addition, the rule applies whether the defendant is required to obtain workers' compensation itself, or whether a third party is required to obtain the necessary insurance. Id. at comment a.

[20]Wayne, 293 So.2d at 900. The courts in Crane and Wayne both note that to deny a person the immunity granted him by a workers' compensation statute of a given state frustrates the efforts of that state to restrict the cost of industrial accidents and to afford a fair basis for predicting what those costs will be. Carriere v. C.C.Crane Corp., 812 F. Supp. 90, 92 n.5 (S.D. Tex. 1992); Wayne, 293 So.2d at 900.

16

overlapping - recovery for the same injury.

## III

## CONCLUSION

When we consider this case in light of the totality of the underlying circumstances, we are convinced that Carriere's suit against Grey Wolf is an exceptional conflict of laws case, and that Louisiana workers' compensation law would be seriously impaired if it were not applied to this particular dispute. Consequently, we are convinced that a Louisiana court, pursuant to Louisiana Civil Code article 3547, would apply Louisiana substantive law to Carriere's dispute against his statutory employer, Grey Wolf. We affirm, therefore, the district court's order granting Grey Wolf's motion for summary judgment on the rationale that under Louisiana law Grey Wolf is immune from civil tort liability for the same injuries that are already covered and compensated under Carriere's workers' compensation claim.

AFFIRMED.