United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-30619

FRANCIS AND DORIS CAIN, Individually and on Behalf of their Minor
Child, MATTHEW CAIN

Plaintiffs - Appellants

EMPLOYERS MUTUAL CASUALTY COMPANY

Intervenor Plaintiff - Appellant

VERSUS

ALTEC INDUSTRIES, INC.

Defendant

WASHINGTON - ST. TAMMANY ELECTRIC COOPERATIVE, INC.

Intervenor Defendant - Appellee

Appeals from the United States District Court
For the Eastern District of Louisiana
2:05-CV-03318

Before KING, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:*

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs, Francis and Doris Cain, individually and on behalf of their minor child, Matthew Cain, and Plaintiff Intervenor Employers Mutual Casualty Company ("Employers"), appeal a district court order granting the motion for summary judgmennt of Defendant Intervenor Washington St. Tammany Electric Cooperative, Inc. ("WST"). Because we conclude Mississippi law applies to this dispute, we REVERSE and REMAND.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Francis Cain ("Cain"), a Mississippi resident, was employed by Carson Line Service, Inc. ("Carson"), a Mississippi Corporation. Carson entered into a contract with WST, a Louisiana corporation, in which Carson agreed to clear rights-of-way for WST. Pursuant to this agreement, Cain was trimming trees along an electric power line in St. Tammany Parish, Louisiana when the aerial bucket being used by Cain came into contact with an energized power line, causing Cain severe injuries. The electric power line was owned by WST. Following his injury, Cain received workers' compensation benefits under Mississippi's workers' compensation law through Carson's carrier, Employers.

Cain and his wife, individually and on behalf of their minor child (the "Cains"), brought this suit seeking damages from Altec Industries, Inc. ("Altec"), the manufacturer of the aerial bucket, and WST. WST filed a third party claim against Carson for defense and indemnity. The Cains then dismissed their action against

2

Altec, leaving WST as the only defendant. Employers subsequently intervened, asserting its subrogation rights for workers' compensation benefits paid to Cain.

WST filed a motion for summary judgment claiming tort immunity based on the statutory employer doctrine in Louisiana's workers' compensation law. In response, the Cains and Employers argued that their case was an "exceptional case," pursuant to La. Civ. Code Ann. art. 3547, and thus, the substantive law of Mississippi governed their claim. The district court rejected this argument and granted WST's motion, concluding that Louisiana law applied. The Cains and Employers timely filed this appeal.

## II.  Standard of Review

We review a district court's choice-of-laws determination de novo.[1] We give no deference to the district court's determination of state law.[2]

Federal courts sitting in diversity must apply the choice-of-laws provisions of the state in which they sit.[3] Thus, we must apply Louisiana's choice-of-laws principles to determine which state's substantive law will apply.

## III.  Discussion

Prior to conducting a choice-of-laws analysis, we must first

---

[1]Abraham v. State Farm Mut. Auto. Ins. Co., 465 F.3d 609, 611 (5th Cir. 2006).

[2]Am. Reliable Ins. Co. v. Navratil, 445 F.3d 402, 404 (5th Cir. 2006).

[3]Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941).

3

determine whether the laws of Louisiana and Mississippi conflict.[4]
If the laws of the states do conflict, only then is it necessary
for us to conduct a conflicts analysis to determine which state's
law should apply.

### A. Is there a conflict of laws?

The contract between Cain and WST contained a provision
specifically recognizing WST as a statutory employer of Carson's
employees.[5]

Under Louisiana law, a written contract between a principal
and contractor recognizing the principal as the statutory employer
of the contractor's employees is valid and enforceable.[6] As a
result, under Louisiana law, WST is immune from civil tort
liability.[7]

---

[4]See Schneider Nat'l Transport v. Ford Motor Co., 280 F.3d 532, 536 (5th Cir. 2002)
(citations omitted).

[5]The provision provided that:

The Owner, Washington-St. Tammany Electric Cooperative, Inc., (as principal
employer) and the Contractor (as direct employer) mutually agree that it is their
intention to recognize the Owner as the statutory employer of the employees of the
Contractor while such employees are providing work and/or services to the Owner
under this Agreement/Contract.

[6]La. Rev. Stat. Ann. § 23:1061(A)(3). Louisiana law provides, in pertinent part:

Except in those instances covered by Paragraph (2) of this Subsection, a statutory
relationship shall not exist between the principal and the contractor's employees . .
. unless there is a written contract between the principal and a contractor which is
the employee's immediate employer or his statutory employer, which recognizes
the principal as a statutory employer.

[7]See La. Rev. Stat. Ann. § 23:1032.

However, unlike Louisiana, Mississippi law does not recognize and will not enforce any contractual provision seeking to give tort immunity to a principal who is sued by a contractor's employees unless the principal has the legal obligation under the Mississippi Workers' Compensation Act (the "Act") to secure compensation for that contractor's employees.[8]  Under Mississippi law, an owner is not a statutory employer, and thus, has no obligations under the Act.[9]  As a result, since WST was the owner of the electric power line, it is not a statutory employer of Cain under Mississippi law and is not immune from liability.[10]

Accordingly, there is a substantive difference between Louisiana and Mississippi law necessitating a choice-of-laws determination.

### B.  Choice of laws

We will apply Louisiana's choice-of-laws provisions, found in Book IV of the Louisiana Civil Code, to resolve the choice-of-laws

---

[8]See Miss. Code Ann. § 71-3-7; Magee v. Transcontinental Gas Pipe Line Corp., 551 So. 2d 182, 184 (Miss. 1989) (owner "may not gain tort immunity by assuming compensation obligations which in fact and in law it did not have"); Nash v. Damson Oil Corp., 480 So. 2d 1095, 1099 (Miss. 1985) (lessee could not gain tort immunity by voluntarily electing to say it had compensation obligations which in fact and in law it did not have);  Falls v. Mississippi Power & Light Co., 477 So. 2d 254, 258 & n.3 (Miss. 1985) (permitee not immune from suit even though in the contract the permitee required the contractor to obtain workers' compensation).

[9]See Magee, 551 So. 2d at 184 (owner of right-of-way not statutory employer); see also, Nash, 480 So. 2d at 1099 (lessee of oil producing unit not statutory employer);  Falls, 477 So. 2d at 258 (permitee not statutory employer).

[10]See Miss. Code Ann. § 71-3-71.

5

issue in this case.

The issue of whether WST is immune from tort liability is an issue of loss distribution and financial protection governed by La. Civ. Code Ann. art. 3544.[11]  Therefore, we begin our analysis with article 3544, which provides, in relevant part:

> Issues pertaining to loss distribution and financial protection are governed, as between a person injured by an offense or quasi-offense and the person who caused the injury, by the law designated in the following order:
>
> . . . .
>
> (2) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in different states: (a) when both the injury and the conduct that caused it occurred in one of those states, by the law of that state; . . . .

Under the mechanical rule of article 3544, we would apply Louisiana law because, at the time of the injury, Cain, a Mississippi domiciliary, and WST, a Louisiana corporation, were domiciled in different states, and both the injury and the conduct that caused it occurred in one of those states, i.e., Louisiana. Accordingly, based on article 3544, WST would be entitled to the statutory employer tort immunity afforded it under Louisiana law.

However, article 3547 provides an exception to article 3544 to be used when the mechanical rule of article 3544 yields an

---

[11]See La. Civ. Code Ann. art. 3543, comment (a); Duhon v. Union Pacific Resources Co., 43 F.3d 1011, 1013 (5th Cir. 1995); Carriere v. Chandeleur Energy Corp., 94-40119, 42 F.3d 642 (5th Cir. Dec. 9, 1994) (unpublished opinion); Rigdon v. Pittsburgh Tank & Tower Co., Inc., 682 So. 2d 1303, 1306 (La. App. 1st Cir. 1996).

6

inappropriate result.[12] Under La. Civ. Code Ann. art. 3547, this

exception is applicable when

> from the totality of the circumstances of an exceptional
> case, it is clearly evident under the principles of
> Article 3542, that the policies of another state would be
> more seriously impaired if its law were not applied to
> the particular issue.  In such event, the law of the
> other state shall apply.

Article 3547 references article 3542, which gives guidance in

determining how to evaluate which state's policies would be "most

seriously impaired":

> That state is determined by evaluating the strength and
> pertinence of the relevant policies of the involved
> states in the light of: (1) the pertinent contacts of
> each state to the parties and the events giving rise to
> the dispute, including the place of conduct and injury,
> the domicile, habitual residence, or place of business of
> the parties, and the state in which the relationship, if
> any, between the parties centered; and (2) the policies
> referred to in Article 3515 [the policies and needs of
> interstate systems, the policies of upholding the
> justified expectations of the parties, and the policy of
> minimizing the adverse consequences that might follow
> from subjecting a party to the law of more than one
> state], as well as the policies of deterring wrongful
> conduct and of repairing the consequences of injurious
> acts.

Thus, the precise issue before us is whether this is an

"exceptional case" which warrants the application of article 3547

over article 3544. Our decisions in <u>Duhon v. Union Pacific</u>

---

[12]<u>See</u> Comment to La. Civ. Code Ann. art. 3547.

7

Resources Co.[13] and <u>Carriere v. Chandeleur Energy Corp.</u>,[14] lead us to conclude that this is an "exceptional case," dictating the application of Mississippi law.

In <u>Carriere</u> and <u>Duhon</u>, we addressed the question of whether Texas or Louisiana law applied to the statutory employer issue. Although, based on article 3544, Texas law applied, under the facts in both cases, we concluded that the matter presented an "exceptional case" under article 3547, dictating the application of Louisiana law.[15]  Finding the facts in this case indistinguishable from those in <u>Carriere</u> and <u>Duhon</u>,[16] and applying the same factors we considered in <u>Carriere</u>[17] and <u>Duhon</u>,[18] we conclude that this case

---

[13]43 F.3d 1011.

[14]94-40119, 42 F.3d 642.

[15]<u>Duhon</u>, 43 F.3d at 1014; <u>Carriere</u>, 94-40119, 42 F.3d 642.

[16]Although in this case the contract between Carson and WST contained a provision recognizing WST as a statutory employer of Carson's employees, and the contract in <u>Duhon</u> and <u>Carriere</u> did not, we do not find this distinction significant.  The Carson/WST contract does not include a choice-of-law provision and, in the absence of such a provision, the contract between Carson and WST has no role in our choice-of-law analysis.  <u>Compare</u> La. Civ. Code Ann. art. 3540 <u>with</u> La. Civ. Code Ann. art. 3544 <u>and</u> La. Civ. Code Ann. art. 3547.

[17]In <u>Carriere</u>, we made the following comparison of the interests and policies of Louisiana and Texas:

> Texas' interests are (1) Grey Wolf is incorporated in Texas; (2) the place of conduct and injury are in Texas; and (3) Texas, we surmise, has an interest in deterring wrongful conduct and repairing the consequences of injurious acts. Louisiana's interests-stronger by comparison-are (1) Carriere is domiciled in Louisiana; (2) Grey Wolf is qualified to do business in Louisiana, and is doing business in Louisiana; (3) Carriere was working for Grey Wolf pursuant to a Louisiana contract for hire; (4) Carriere's direct employer, with whom Grey Wolf

8

presents an "exceptional case" requiring the application of Mississippi law over Louisiana law. Louisiana's interests are: (1) WST is incorporated in Louisiana; (2) the place of conduct and injury are in Louisiana; (3) Cain's direct employer, Carson, was qualified to do business in Louisiana, and was specifically doing business under a Louisiana contractor's number; and (4) Louisiana has an interest in applying its workers' compensation laws to regulate the rights and liabilities of a domestic employer and an employee injured in its state. On the other hand, Mississippi's interests are: (1) Cain is domiciled in Mississippi; (2) WST is registered to do business in Mississippi as a non-profit Louisiana

---

established the contractual relationship to "hire" Carriere is [authorized to do business in Louisiana]; (5) Carriere has received workers' compensation benefits for his injury pursuant to Louisiana law; (6) Louisiana has an interest in protecting both citizens who are recruited and hired in Louisiana and employers that are doing business in the state; (7) Louisiana has an interest in protecting foreign corporations in order to create a friendly business atmosphere in which to promote commerce and industry; (8) Louisiana has an interest in the consistent and comprehensive implementation of its workers' compensation laws; and (9) as articulated by article 3515, the policies and needs of the interstate system, which includes the expectations of the parties and the minimization of adverse consequences that might follow from subjecting a party to the law of more than one state are best served in this dispute by the application of Louisiana law.

94-40119; see Carriere v. Chandeleur Energy Corp., 94-40119 (5th Cir. Jan. 17, 1995) (correcting earlier statement that Carriere's direct employer, Chandeleur, was domiciled in Louisiana).

[18]In Duhon, we considered the following factors in reaching our conclusion: (1) the plaintiffs are Louisiana citizens; (2) Duhon was hired in Louisiana by Grey Wolf; (3) suit was filed in Louisiana; and (4) Duhon received worker's compensation benefits in accordance with Louisiana worker's compensation scheme. Duhon, 43 F.3d at 1014.

9

corporation, and is doing business in Mississippi;[19] (3) Carson is incorporated in Mississippi; (4) Cain has received workers' compensation benefits for his injury pursuant to Mississippi law; (5) Mississippi has an interest in repairing the consequences of injurious acts inflicted on its citizens; (6) Mississippi has an interest in the consistent and comprehensive implementation of its workers' compensation laws; and (7) as articulated by article 3515, the policies and needs of the interstate system, which include the expectations of the parties and the minimization of adverse consequences that might follow from subjecting a party to the law of more than one state are best served in this dispute by the application of Mississippi law.

In sum, after comparing the policies and interests of both Louisiana and Mississippi, we conclude the policies of Mississippi would be more seriously impaired if Louisiana law were applied to this dispute than would Louisiana's if Mississippi law were applied. Consequently, we are convinced that Mississippi law applies to this dispute and, thus, WST is not immune from suit. Therefore, the district court erred in granting WST's motion for summary judgment based on Louisiana law.

---

[19]The work that WST does in Mississippi is minimal compared to the work it performs in Louisiana. However, WST is listed as an electric company serving Walthall County, Mississippi on the County's chamber of commerce website, and WST's website indicates that it serves, inter alia, the southern part of Marion County in Mississippi.

## IV. Conclusion

For the foregoing reasons, we REVERSE the district court's order granting WST's motion for summary judgment and REMAND the case for further proceedings consistent with this opinion.

REVERSED and REMANDED.