Joseph R. BURBANK,
Plaintiff-Appellant,

v.

FORD MOTOR COMPANY,
Defendant-Appellee.

No. 82–3762
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 25, 1983.

Gertler & Gertler, M.H. Gertler, Cheryl A. Denney, New Orleans, La., for plaintiff-appellant.

Deutsch, Kerrigan & Stiles, David L. Campbell, Darrell K. Cherry, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

To resolve this appeal we must answer a single question: Are the substantive aspects of this wrongful death action governed by the law of Michigan or that of Louisiana? The parties agree that under Michigan workers' compensation law Ford is immune from this suit. Whether the same result obtains under Louisiana law is a matter of dispute. The choice-of-laws battle was waged below in a summary judgment setting. Ford emerged victorious. Applying the "interest analysis" of sections 6(2) and 188(2) of the Restatement (Second) of Conflict of Laws,[1] the district court found that Michigan law should apply. We affirm.

For purposes of this appeal, the facts are undisputed. After World War II Joseph

---

1. Section 6(2) provides:

   (2) When there is no such [state] directive, the factors relevant to the choice of the applicable rule of law include
   (a) the needs of the interstate and international systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) the protection of justified expectations,
   (e) the basic policies underlying the particular field of law,
   (f) certainty, predictability and uniformity of result, and
   (g) ease in the determination and application of the law to be applied.

   Section 188(2) provides:

   (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
   (a) the place of contracting,
   (b) the place of negotiation of the contract,
   (c) the place of performance,
   (d) the location of the subject matter of the contract, and
   (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

   These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Burbank accepted a job with Ford in Detroit, Michigan. He signed a contract providing that he would be subject to the workers' compensation laws of Michigan. During the course of his employment with Ford, Burbank was exposed to silica dust while engaged in sandblasting operations. He experienced no ill effects from this exposure during the remainder of his time with Ford, which ended in 1952. Burbank subsequently moved to Louisiana, where, after a number of years, he developed silicosis. He then filed this lawsuit, but during its pendency he died. Six of Burbank's children, five of whom live in Michigan, were substituted as plaintiffs, and the suit was converted to a wrongful death and survival action.

Under *Klaxton Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), we apply the conflicts law of the forum state. As the district court properly found, Louisiana has abandoned the doctrine of *lex loci delictus* in favor of the more flexible approach embodied in the second Restatement. *See Jagers v. Royal Indemnity Co.,* 276 So.2d 309, 312 (La.1973). The district court considered the factors enumerated in sections 6(2) and 188(2) of the Restatement and found that they weighed in favor of Michigan. Although we have no quarrel with the district court's analysis, we need go no further than the choice-of-laws provision in Burbank's employment contract to affirm its judgment.

Louisiana courts have indicated their intention to follow section 187 of the Restatement, which addresses choice-of-laws provisions in contracts. *See Delhomme Industries, Inc. v. Houston Beechcraft, Inc.,* 669 F.2d 1049, 1057 (5th Cir.1982). Section 187(2) of the Restatement provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the trans-

action and there is no other reasonable basis for the parties' choice, or

> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Burbank does not argue that Michigan "has no substantial relationship to the parties or the transaction." Nor could he. The employment contract was entered in Michigan, performed in Michigan, and terminated in Michigan. Burbank was a resident of Michigan throughout his employment with Ford. Neither does Burbank contend that application of Michigan's workers' compensation law is "contrary to a fundamental policy" of Louisiana. Like Michigan and the 48 states not involved in this controversy, Louisiana maintains a comprehensive workers' compensation scheme. Louisiana's system, like Michigan's, provides immunity from unlimited liability actions to employers and recovery for employees without regard to fault. The quid and the quo are the same under each act. That the two schemes are not identical in every respect does not support a finding that one is contrary to a "fundamental policy" of the other. *See Delhomme Industries,* 669 F.2d at 1058 (Applying Louisiana law, we stated: "One state's law does not violate another state's public policy merely because the laws of the two states differ.").

Burbank contends only that we should not give the choice-of-laws clause effect because he occupied a weak bargaining position when he agreed to be bound by Michigan law. He asserts that the provision "was printed in very small type [and would be] commonly overlooked by working class people only interested in getting a job."

This argument is without merit. Comment b to section 187 provides:

> A factor which the forum may consider is whether the choice-of-law provision is contained in an "adhesion" contract, namely one that is drafted unilaterally by

the dominant party and then presented on a "take-it-or-leave-it" basis to the weaker party who has no real opportunity to bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. Common examples are tickets of various kinds and insurance policies. Choice-of-law provisions contained in such contracts are usually respected.

One such decision upholding a choice-of-laws provision in an adhesion contract is *Davis v. Humble Oil & Refining Corp.,* 283 So.2d 783 (La.App.1973). The *Davis* court initially refused to enforce the clause making New York law applicable to disputes under a disability benefits contract. The two factors found persuasive by the court were "(1) that the provision [was] in reality part of an adhesion contract and, (2) that there [was] a complete absence of a significant relationship between the State of New York and this litigation." *Id.* at 787.

On rehearing the court reversed itself. Despite the nature of the contract as one of adhesion and the tenuous connection to New York, the choice-of-laws provision was upheld. Otherwise "uncertainty and a lack of uniformity in administering the plan" would result. *Id.* at 794. The facts in *Davis* presented a much more persuasive case for disregarding a choice-of-laws clause than those here. Yet the *Davis* court chose to enforce the provision. So do we. The clause making Burbank's employment contract subject to Michigan law is a most reasonable one. That the clause was part of an adhesion contract is not, standing alone, reason to cast it aside.[2] The decision of the district court is

AFFIRMED.

---

2. Although it is not a premise for our decision, we note that a similar result would obtain under the Restatement even in the absence of the choice-of-laws clause. Section 184 prohibits recovery for tort or wrongful death "if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk . . . ." It is undisputed that Michigan requires insurance coverage for occupational illness.