Darvin Ray **DUEITT**,
Plaintiff-Appellant,

v.

John Paul **WILLIAMS**, Don Acy and George Bodman,
Defendants-Appellees.

No. 84-4698.

United States Court of Appeals,
Fifth Circuit.

July 12, 1985.

31. *Id.*

32. *Id.*

Paul S. Minor, Judy M. Guice, Biloxi, Miss., for plaintiff-appellant.

R. Web Heidelberg, R.W. Heidelberg, Hattiesburg, Miss., for defendants-appellees.

Before TATE, HIGGINBOTHAM, Circuit Judges, and CASSIBRY *, Senior District Judge.

CASSIBRY, Senior District Judge:

The issue presented by this appeal is whether the district court correctly decided that Mississippi law applies to this negligence action by an employee against his co-employees for injuries received while temporarily employed in Mississippi by an Alabama employer and covered by Alabama's workmen's compensation law. We disapprove the district court's method of decision and remand for further consideration of the conflict of laws issue.

Under Mississippi law a covered injured employee's exclusive remedy is workmen's compensation benefits, and a suit against co-employees for damages is barred. *McCluskey v. A.J. Thompson*, 363 So.2d 256 (Miss.1978). Under Alabama law an injured employee may bring an action for damages against co-employees who cause his injury. *Fireman's Fund v. Coleman*, 394 So.2d 334 (Ala.1981); *Grantham v. Denke*, 359 So.2d 785 (Ala.1978).

Plaintiff Darvin Ray Dueitt, a resident of Mississippi, filed suit in Mississippi against several of his co-employees and supervisors, the defendants John Paul Williams, Don Acy and George Bodman, residents of Alabama, alleging their negligence caused his injuries on the job site. The defendants filed a motion for summary judgment contending that an injured employee's sole remedy is workmen's compensation benefits and he cannot sue his co-employees for damages in the State of Mississippi. Plaintiff opposed the motion, contending that

* District Judge of the Eastern District of Louisi-    ana, sitting by designation..

Alabama law which permits such suits applies to this case. The district court granted the motion for summary judgment, dismissed the suit and plaintiff appealed.

The undisputed facts, as related by the district court, are that the plaintiff, a resident of Mississippi, was employed by Haliburton Services in Citronelle, Alabama, at the time of the injury complained of herein. Plaintiff Dueitt was regularly employed in the State of Alabama. On or about December 20, 1980 Dueitt was assigned temporarily to work within the State of Mississippi at Pursue Gas Company in Star, Mississippi. On that job site, Dueitt received an injury to his thigh when he was struck by a high pressure water jet. Dueitt received workmen's compensation benefits pursuant to Alabama's compensation laws. These benefits were voluntarily paid by his employer.

The district court considered that Mississippi Code Annotated, section 71–3–109 (1972), providing for the extra-territorial application of Mississippi's workmen's compensation law, contained a statutory directive in paragraph three on the choice of law issue here by its expression of a public policy which would bar this action.[1] Paragraph three provides:

> Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this chapter while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this chapter are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted

from the application of the workmen's compensation or similar laws of such other state. *The benefits under the workmen's compensation or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state.* Emphasis ours.

The district court correctly recognized that the statute is not one governing conflict of laws. The court erred, however, in interpreting paragraph three to express a public policy against allowing an injured employee covered by the workmen's compensation law of a state other than Mississippi to pursue in Mississippi a damage suit against a co-employee.

No such public policy can be found in the language of the statute itself. Section 71–3–109 in essence effectuates a rule that under certain conditions an employee, regularly employed in one state, who is injured in the course of his employment while temporarily employed in another state, shall be entitled to benefits under the workmen's compensation law of the state where he is regularly employed. In furtherance of that purpose paragraph three exempts an employee temporarily working in Mississippi, and covered by the compensation statute or similar laws of the state in which he is regularly employed, from the Mississippi compensation laws, and adds an exclusivity provision in the last sentence to the effect that the benefits under the workmen's compensation or similar laws of the state in which the temporary employee is regularly employed shall be the exclusive compensation remedy against the employer for any injury received by the employee while working temporarily in Mississippi. The district court attributed to the legislation a statement of public policy by construing

---

**1.** The district court followed the teachings of *Spragins v. Louise Plantation, Inc.,* 391 So.2d 97 (Miss.1980), to seek guidance from Restatement, Second, Conflict of Laws § 6 in determining which state's substantive law should govern in a conflicts of laws issue. Section 6 provides:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

the word "employer" in the last sentence of paragraph three to include "co-employees" under the authority of *McCluskey v. A.J. Thompson, supra.* This is not a valid interpretation of the legislative will.

The fact that the Supreme Court of Mississippi in *McCluskey* has interpreted the Mississippi compensation statute to bar actions by injured employees covered by the Mississippi compensation laws seeking damages for the same injuries against co-employees does not justify a finding of expression of public policy in the last sentence of paragraph three to bar actions by injured employees covered by workmen's compensation or similar statutes of *other* states seeking damages for the same injuries against co-employees. The last sentence merely serves to emphasize that a temporary employee injured in Mississippi, who is subject to the extra-territorial application of the workmen's compensation statute of a state other than Mississippi, shall have the benefits of the workmen's compensation law of that other state as his only compensation remedy against his employer. It does no more than make clear that the extra-territorial provisions in paragraph three were not intended to allow a temporary employee injured while working in Mississippi to receive benefits under the compensation laws of more than one state. In our view, this sentence has no relevance to the conflict of laws issue in this tort suit. We therefore vacate the judgment and remand for further consideration by the district court of the conflict of laws issue on other bases than its public policy ratio decidendi.

VACATED and REMANDED with instructions.

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.