# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 09-60917

Lyle W. Cayce
Clerk

ROBERT J. ELLIS,

Plaintiff-Appellant

LIBERTY MUTUAL INSURANCE COMPANY,

Movant-Appellant

v.

TRUSTMARK BUILDERS, INC.; SCOTTY JONES, Individually and as
Employee/Agent of Landings Associates, Ltd., The Mitchell Company, and
Trustmark Builders, Inc.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Robert J. Ellis was injured in Mississippi while
working on a construction site for an Alabama employer who was a
subcontractor for Defendant-Appellee Trustmark Builders, Inc. ("Trustmark").
Ellis recovered workers compensation benefits from the State of Alabama under
his employer's policy, which included coverage of work sites in Mississippi. Ellis
then filed this tort action against Defendants-Appellees for damages. The district

No. 09-60917

court applied Mississippi choice-of-law principles and held that Mississippi's workers compensation scheme governed this suit, barring Ellis from bringing tort claims against Appellees. We reverse and remand for application of Alabama's workers compensation scheme.

## I.  FACTS & PROCEEDINGS

### A.  Facts

Ellis was injured in February 2003 while working on an apartment complex construction site in Biloxi, Mississippi. The negligence asserted occurred on that site where Ellis had been working for a month. In his complaint, Ellis identifies himself as "an adult resident citizen of Jackson County, State of Mississippi."[1]

With the exception of Ellis, however, all parties involved in this suit are Alabama residents, partnerships, or corporations. The apartment complex was owned by Landings Associates, Ltd. ("Landings"). A partner of Landings, the Mitchell Company, was the general contractor for the construction project, and the Mitchell Company subcontracted with Trustmark, whose employee, Scotty Jones, allegedly constructed the wooden platform that is claimed to have caused Ellis's injury.[2] Landings, the Mitchell Company, and Trustmark are Alabama partnerships or corporations, and all maintain their principal places of business in Alabama. Trustmark was not registered to do business in Mississippi at the time, its Mississippi Certificate of Authority having been revoked prior to the

---

[1] Ellis later testified that he has "no permanent place of residence" and currently lives in Alabama but uses his mother's address in Mississippi as a permanent address for purposes of filing taxes and obtaining a driver's license.

[2] Ellis was injured when he was raised by a forklift in a wooden box to construct an archway. The box was not attached to the lift and slid off of the forks, causing Ellis to fall more than twenty-five feet to the ground. The cause of the injury is not pertinent to this appeal, however, and we do not reach the merits of the claim.

2

No. 09-60917

accident. Jones is an Alabama resident too, and he commuted from his Alabama home to Mississippi on days that he worked on the construction site.

Trustmark in turn sub-subcontracted in Alabama with Rusty Stevens, an Alabama subcontractor. Stevens hired Ellis, also in Alabama.[3] Ellis spent the first nine months of his employment for Stevens working with Jones in Alabama on Trustmark projects. He then spent only the one month prior to his injury working in Mississippi. Notably, Stevens maintained workers compensation insurance only in the State of Alabama. He secured that insurance through Movant-Appellant Liberty Mutual Insurance Company ("Liberty Mutual")—also an Alabama corporation—to cover all his employees, including Ellis, while they worked out of state.[4]

After Ellis's accident, Stevens filed a Notice of Injury with the Alabama Department of Industrial Relations, and Liberty Mutual filed a Combination Supplementary and Claim Summary form with the same Alabama agency. Ellis received workers compensation benefits pursuant to the State of Alabama's workers compensation law.

## B. Proceedings

After Ellis began receiving the workers compensation benefits under Stevens's policy in Alabama, he filed this tort action in the Southern District of Mississippi, seeking damages for injuries resulting from Appellees' alleged negligence. The district court determined that Mississippi's workers compensation law should control the case, interpreting Mississippi Code

---

[3] The district court mistakenly stated that "Ellis was employed by Scotty Jones, a subcontractor on the project," *Ellis v. Landings Assocs., Ltd.*, No. 1:04-CV-120, 2009 WL 4017278, at *1 (S.D. Miss. Nov. 19, 2009), but the fact is not disputed that Stevens was the subcontractor who employed Ellis.

[4] Appellees concede, "In the present case, there is no dispute that Plaintiff's employer provided workers' compensation under the laws of Alabama that covered Plaintiff while working in Mississippi."

No. 09-60917

§ 71-3-109(3) as a statutory directive on choice of law. The court then held that Mississippi law barred Ellis's tort suit.

On appeal, we vacated and remanded, rejecting the district court's determination:

> [Section] 71-3-109(3) is not a statutory directive that takes the place of Mississippi's ordinary choice-of-law rules, which remain antecedent to application of § 71-3-109(3). Therefore, before the district court may consider § 71-3-109(3), it must find that Mississippi choice-of-law rules direct it to apply Mississippi law. If consideration of those choice-of-law rules directs the district court to Alabama law, then § 71-3-109(3) is irrelevant.[5]

On remand, the district court conducted a succinct Mississippi choice-of-law analysis and again concluded that Mississippi law should govern the case:

> In the Court's opinion under the "most significant relationship test," Mississippi law applies. Notably, the accident occurred in Mississippi. The negligent conduct which allegedly caused the injury occurred in Mississippi. Finally, the injured plaintiff appears to have been a Mississippi resident.[6]

The court then applied Mississippi Code § 71-3-109(3), held that Mississippi's workers compensation statute barred Ellis from bringing this tort action against Appellees, and granted Appellees' motion for a summary judgment of dismissal.[7]

Ellis then timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

We review a district court's choice-of-law determination *de novo*.[8] Subject-matter jurisdiction in this case is based on diversity of citizenship. When sitting

---

[5] *Ellis v. Trustmark Builders, Inc.*, 294 F. App'x 971, 974 (5th Cir. 2008).

[6] *Ellis*, 2009 WL 4017278, at *2 (footnotes omitted).

[7] *Id.* at *3.

[8] *See Allison v. ITE Imperial Corp.*, 928 F.3d 137, 139 (5th Cir. 1991).

4

in diversity, we apply the choice-of-law rules of the forum state—here, Mississippi—to determine which state's substantive law should apply.[9]

## B.  Choice of Law

A substantive conflict exists between the workers compensation schemes of Alabama and Mississippi. Mississippi's workers compensation law provides the exclusive remedy of a subcontractor's injured employee; suits against co-employees or the general contractor for damages are generally barred.[10] Alabama's workers compensation law permits a subcontractor's injured employee to sue co-employees or the general contractor whose negligence causes his injury.[11] We must determine which of these states' law governs this case.

Mississippi's choice-of-law test consists of three steps: "(1) determine whether the laws at issue are substantive or procedural; (2) if substantive, classify the laws as either tort, property, or contract; and (3) look to the relevant section of the Restatement (Second) of Conflict of Laws."[12]

The conflicting laws at issue here involve workers compensation and are not procedural—and therefore do not automatically dictate application of Mississippi law.[13] As Ellis brings tort claims, we apply Chapter 7 of the

---

[9]  *See Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005).

[10]  *See* MISS. CODE § 71-3-9; *Salyer v. Mason, Techs., Inc.*, 690 So.2d 1183, 1184-85 (Miss. 1997) ("[W]here the subcontractor provided compensation coverage to its employees pursuant to its contract with the prime contractor, the prime contractor qualified as a statutory employer and was immune from a common law tort suit by the injured employee."); *Brown v. Estess*, 374 So.2d 241, 242 (Miss. 1979) ("It is this Court's opinion that the purpose, spirit and philosophy of the Workmen's Compensation Act is to make compensation the exclusive remedy of the employee where he is injured by the employer or any of its employees during the course of his employment.").

[11]  *See* ALA. CODE § 25-5-11. *See also Dueitt v. Williams,* 764 F.2d 1180, 1181 (5th Cir. 1985) (setting out the conflict between Mississippi and Alabama workers compensation laws).

[12]  *Hartford Underwriters Ins. Co. v. Found. Health Servs.*, 524 F.3d 588, 593 (5th Cir. 2008) (citation omitted).

[13]  *See Davis v. Nat'l Gypsum Co.*, 743 F.2d 1132, 1134 (5th Cir. 1984).

No. 09-60917

Restatement (Second) of Conflict of Laws. Section 145 of the Restatement directs that tort actions should be governed by the law of the state with "the most significant relationship to [(1)] the occurrence and [(2)] the parties" and suggests types of contacts that should be considered for such a determination:

> Contacts to be taken into account . . . to determine the law applicable to an issue include:
> (a)   the place where the injury occurred,
> (b)   the place where the conduct causing the injury occurred,
> (c)   the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and
> (d)   the place where the relationship, if any, between the parties is centered.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.[14]

The Restatement also instructs that the weighing of these tort-specific factors should be guided by the seven general choice-of-law considerations set out in § 6:

> (a)   the needs of the interstate and international systems,
> (b)   the relevant policies of the forum,
> (c)   the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d)   the protection of justified expectations,
> (e)   the basic policies underlying the particular field of law,
> (f)   certainty, predictability and uniformity of result, and
> (g)   ease in the determination and application of the law to be applied.[15]

The Supreme Court of Mississippi has further explained that "[t]he principles of Sections 6 and 145 of the Restatement (Second) defy mechanical application—they are less 'rules of law' than generally-stated guideposts."[16]

Here, the first two § 145 factors favor Mississippi, as both the injury and the allegedly negligent conduct that caused the injury took place on the

---

[14]   RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2).

[15]   *Id.* § 6(2).

[16]   *McDaniel v. Ritter*, 556 So.2d 303, 310 (Miss. 1989).

construction site in Mississippi. These factors, however, are not dispositive. The Restatement makes clear that for personal injury actions "the local law of the state where the injury occurred determines the rights and liabilities of the parties, *unless* . . . some other state has a more significant relationship under the principles stated in § 6 . . . ."[17] Generally, the state where the injury occurred has a interest in awarding relief under its workers compensation law because "the State might otherwise be required to care for the injured employee."[18] Mississippi does not have that interest here, however, because Ellis has already received protection from the State of Alabama pursuant to its workers compensation law.

The second two § 145 factors favor Alabama. Even though Ellis is a Mississippi resident, his relationship with his employer, Stevens, was centered in Alabama, as were all other relevant business relationships. And, all other parties are Alabama corporations or residents. Most importantly, Stevens took out and maintained Alabama workers compensation insurance from Liberty Mutual in Alabama, covering employees working out of state—and Ellis received benefits pursuant to Stevens's coverage under Alabama's workers compensation law. These facts satisfy us that Alabama has a more significant relationship to this case than does Mississippi, in large part because the parties have already engaged Alabama's workers compensation scheme.

---

[17] RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 (emphasis added). *See also Mitchell v. Craft*, 211 So.2d 509, 510 (Miss. 1968) (holding that the site of the injury does not "invariably" determine choice of law when "the most substantial relationships of the parties and the dominant interest of the forum require application of [another state's] law"); *In re Estate of Blanton*, 824 So.2d 558, 562 (Miss. 2002) ("In *Mitchell v. Craft*, this Court modified the traditional rule that the governing law is the law where the accident occurred.").

[18] RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 181, cmt. a.

No. 09-60917

We addressed a similar situation in *Duhon v. Union Pacific Resources Co.* in which we had to apply Louisiana choice-of-law principles.[19] We considered the "totality of the circumstances" and found determinative the fact that the plaintiff had already received benefits from his direct employer pursuant to the workers compensation scheme of Louisiana.[20] We weighed the interests of the two competing states and recognized that, despite the fact that the injury took place in Texas, Louisiana had "an interest in the consistent and comprehensive implementation of its workers' compensation laws."[21]

Our main concern with regard to comprehensive implementation of workers compensation schemes has been maintaining the underlying *quid pro quo* of requiring employers to provide no-fault workers compensation benefits to employees in exchange for tort immunity.[22] Section 184 of the Restatement resolves this issue by prohibiting recovery in tort "if the defendant is declared immune from such liability by the workmen's compensation statute of a state

---

[19] 43 F.3d 1011, 1016 (5th Cir. 1995). When presented with conflicting tort laws, Louisiana will choose the state where the injury and negligent conduct occurred so long as one of the parties is domiciled in that state. *See* LA. CIVIL CODE art. 3544. Louisiana makes an exception to this rule, however, when the policies of another state "would be most seriously impaired if its law were not applied to that issue." *Id.* art. 3542. Ultimately then, a similar type of "most significant relationship" analysis takes place.

[20] *See Duhon*, 43 F.3d at 1014.

[21] *Carriere v. Chandeleur Energy Corp.*, No. 94-40119, 1994 WL 708709, at *4 (5th Cir. Dec. 9, 1994). We considered the facts of *Duhon* "indistinguishable from *Carriere*" and therefore held that the *Carriere* "interest analysis comparing the interests of Texas and Louisiana" applied in *Duhon. Duhon*, 43 F.3d at 1014. *See also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2)(f) (listing "certainty, predictability and uniformity of result" as a relevant factor for consideration).

[22] *See Duhon*, 43 F.3d at 1014 ("Because Louisiana law imposes this burden on statutory employers [ ] to provide compensation benefits to statutory employees hired in Louisiana, no matter where they are injured, it is reasonable that they should be entitled to the corollary benefit of tort immunity."). *See also Burbank v. Ford Motor Co.*, 703 F.2d 865, 866 (5th Cir. 1983) (noting that all states with a "comprehensive workers' compensation scheme" offer a quid pro quo for which "[t]he quid and the quo are the same under each act").

No. 09-60917

under which the defendant is required to provide insurance . . . and under which
. . . the plaintiff could obtain an award for the injury."[23] The Restatement's
commentary explains:

> It is thought unfair that a person who is required to provide
> insurance against a risk under the workmen's compensation statute
> of one state which gives him immunity from liability for tort or
> wrongful death should not enjoy that immunity in a suit brought in
> other states. . . . A person who accepts an award under the
> workmen's compensation statute of a given state may justly be held
> bound by the provisions of that statute insofar as immunity from
> tort and wrongful death liability is concerned.[24]

Appellees nevertheless urge that § 184 should apply to extend Mississippi's tort
immunity to them.[25] But, § 184 only applies when a tort defendant is required
to provide insurance under a particular state's workers compensation scheme.
That was not the case here: Appellees were not required to, and did not, provide
compensation insurance covering Ellis under Mississippi's workers
compensation law. Instead, Appellees' subcontractor, Stevens, maintained
insurance under Alabama's workers compensation law to cover his employees
while they were working in Mississippi. Appellees' argument thus fails.

In fact, the reverse could arguably be true: Because Appellees were *not*
required by the State of Mississippi to provide workers compensation insurance
under that state's law—and did not do so—they should *not* enjoy the corollary
benefit of tort immunity, which they thus have not earned. This rationale serves
as the basis for allowing tort recovery against third parties in some states:
"[S]ince the third party could not have been liable for worker's compensation, he
should be prepared to make the injured person whole under normal tort

---

[23] RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184.

[24] *Id.* § 184, cmt. b.

[25] Appellees' Br. at 31.

principles. Injured persons should not be deprived of access to the courts for redress without reason."[26] If an injured worker wants to pursue a tort action under the same state law that awarded him benefits, here Alabama's workers compensation law—which also happens to be the state law under which his employer maintained workers compensation insurance and filed the claim for his injury—we perceive no good reason to prevent the injured person from doing so.

We have also endorsed consideration of "the expectations of the parties and the minimization of adverse consequences that might follow from subjecting a party to the law of more than one state,"[27] which echoes the Restatement's guiding principle, viz., "the protection of justified expectations."[28] The facts of this cases demonstrate that the employer, Stevens, and the employee, Ellis, reasonably expected that Alabama law would govern their workers compensation claims. This was the anticipated situation even if the injury occurred out of state, given the employer's maintenance of an Alabama insurance policy covering temporary out-of-state work. This expectation is fortified by the facts that Alabama is where Stevens both contracted with Trustmark and hired Ellis. In contrast, Trustmark was not even registered to do business in Mississippi, so neither Trustmark nor its Alabama employee, Jones, should have expected to receive the tort immunity provided by Mississippi's workers compensation law.

At bottom, the Restatement requires deferring to the state with the most significant relationship to the particular issue in dispute. When assessing whether a workers compensation law should afford tort immunity to parties, the important state ties are naturally with the state where the employment

---

[26] *Posey v. Union Carbide Corp.*, 705 F.2d 833, 834 (6th Cir. 1983).

[27] *Carriere*, 1994 WL 708709, at *4, adopted by *Duhon*, 43 F.3d at 1014.

[28] RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2)(d).

No. 09-60917

relationship is centered—and particularly the state where the employer provides workers compensation insurance coverage and the employee has already received such benefits for the injury at issue. In this case, Alabama is that state, so Ellis's tort action should be governed by Alabama's workers compensation law, which has thus far governed the relationships between the parties.

## III.  CONCLUSION

We reverse the district court's dismissal of Ellis's action and remand for further proceedings in which the district court shall apply Alabama's workers compensation scheme. As we hold that Mississippi law does not apply to this case, we do not consider whether Mississippi Code § 71-3-109 would exempt Ellis from Mississippi's workers compensation scheme.

REVERSED and REMANDED.