# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

No. 10-41059
Summary Calendar

Lyle W. Cayce
Clerk

ASHLEY EBNER JOHNSON, individually and as Administratrix of the estate of Bobby Spray Elrod, Deceased,

Plaintiff–Appellant

v.

TDS ERECTORS, INCORPORATED,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CV-128

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

TDS Erectors, Inc. ("TDS") is an Arkansas corporation and Bobby Spray Elrod was a Texas resident and TDS employee killed on a Texas work site. His adult daughter, Ashley Ebner Johnson, appeals the district court's grant of summary judgment in TDS's favor of after determining Arkansas law rather than Texas law applied to her claims for gross negligence and exemplary

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40159

damages and that her claims were therefore barred under Arkansas's workers' compensation scheme. Specifically, Johnson argues her claim for wrongful death is a valid common-law claim protected by Texas constitution art. XVI § 26 and Texas Labor Code § 408.001(b), such that the district court should not have applied the Restatement (Second) Conflict of Laws §§ 6(2), 145, 184 (1971) to its choice-of-law analysis. Rather, she argues that Restatement § 6(1) mandated the district court apply Texas law. She also argues that even if sections 6(2), 145, and 184 of the Restatement apply, the district court incorrectly determined that Arkansas law governed her suit and barred her claims.

We review the order on summary judgment and the choice-of-law determination de novo. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 228–29 (5th Cir. 2010); *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010). The district court issued a thorough thirty-seven-page order that addressed each of Johnson's claims now on appeal. We agree with its careful analysis that Johnson's wrongful death claim is properly found in the Texas Wrongful Death Act and that her claim is derivative of any claim Elrod may have had at the time of his death. *See* TEX. CIV. PRAC. & REM. CODE §§ 71.002–.004. Any determination of whether Johnson has a colorable wrongful death claim potentially protected by Restatement § 6(1)[1] therefore depends on whether Elrod could have brought suit under the Act in Texas court against TDS or whether the Arkansas workers' compensation law would have barred his suit.[2]

---

[1] We do not address whether a valid wrongful death claim under Texas law would constitute a "constitutional restriction" such that a Texas court applying Texas choice-of-law rules should not apply Restatement §§ 6(2), 145, 184.

[2] Johnson concedes that article XVI § 26 does not create an independent cause of action, but argues it protects the cause of action she says is found in common law and further protected in Texas Labor Code § 408.001(b). As explained by the district court, § 408.001(b) is a "savings clause" in the Texas Workers' Compensation Act passed to comply with article XVI § 26 and does not create an independent cause of action for exemplary damages. Johnson admits that article XVI § 26 protects whatever cause of action for punitive damages for death resulting from gross negligence that a plaintiff may have.

No. 10-40159

After reviewing the district court's thorough analysis of the Restatement §§ 6(2), 145, and 184 factors to the choice-of-law issue in this case, we agree for essentially the same reasons as stated by the district court that Arkansas law governs Johnson's suit. We specifically note for § 145 the considerable evidence that Arkansas was the primary situs of Elrod's employment with TDS and the § 6(2) policy implications analyzed by the district court based on that fact. With respect to § 184, Arkansas law should apply because TDS is immune under the Arkansas workers' compensation law and Johnson received a $6,000 funeral-expenses award under the Arkansas workers' compensation scheme. *See* ARK. CODE. ANN. § 11-9-527. Accordingly, Arkansas workers' compensation law bars Johnson's claims against TDS, and summary judgment was properly granted in TDS's favor.

AFFIRMED.