# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 30, 2013

Lyle W. Cayce
Clerk

ABS SERVICES, INCORPORATED; ANTHONY J. BERTAS,

Plaintiffs - Appellants

v.

NEW YORK MARINE & GENERAL INSURANCE COMPANY; ALLSTAR
FINANCIAL GROUP,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
Docket No. 3:10-CV-339

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This case arises out of an indemnity agreement between Plaintiff-Appellants ABS Services, Incorporated ("ABS") and Anthony Bertas and Defendant-Appellees New York Marine & General Insurance Company ("New York Marine") and Allstar Financial Group ("Allstar"). Appellants argue that the district court erred in enforcing the indemnity agreement's choice-of-law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60516

provision, granting summary judgment on their breach of fiduciary duty and conspiracy claims, and giving the deadlocked jury a modified *Allen* charge. Finding no error, we AFFIRM.

## FACTS AND PROCEEDINGS

ABS entered into a subcontract agreement with W.G. Yates & Sons Construction Company ("Yates") to install a mechanically stabilized earthen retaining wall ("the Project") at the Emerald Star Casino in Natchez, Mississippi. New York Marine, as surety, through Allstar, its managing general agent, issued a subcontract performance bond in the amount of $678,145 securing ABS's full, proper, and timely performance of the subcontract and completion of the Project (the "performance bond"). As a condition for the bond's issuance, ABS posted a $68,000 letter of credit as collateral, and ABS, along with Bertas, its principal, executed a General Agreement of Indemnity (the "indemnity agreement") promising to indemnify and hold harmless New York Marine from any and all liability, loss, damage, or expense arising out of or in any way connected with the bond. Under the indemnity agreement, ABS and Bertas assigned their rights arising out of the bonded contract to New York Marine, and gave New York Marine the right to determine whether any bond claims should be paid or settled and the authority to apply the collateral to pay any debts owed. The indemnity agreement contained a choice of law provision stating that it "shall be interpreted and governed in all respects in accordance with the laws of the State of Georgia."

Soon after it began, the Project experienced delays and cost overruns. The Project, which was scheduled to be completed by November 2007, stood only 12% complete as of February 2008. In January 2008, ABS advised Yates by letter of the issues hindering completion of the Project and the impact costs suffered by ABS, and informed Yates that if it did not resolve the outstanding issues and compensate ABS for cost overruns, ABS would suspend work on the Project.

2

No. 12-60516

When Yates refused to pay, ABS suspended work on the project, declared Yates to be in material breach of contract, and submitted to Yates a claim for damages in the amount of $874,909 (the "ABS claim"). In turn, Yates declared ABS in default of its obligations under the subcontract and demanded that New York Marine meet its obligations under the performance bond. Allstar, as agent for New York Marine, met with representatives of ABS and Yates to investigate the default, and, from April through July of 2008, negotiated with the parties in search of a compromise solution. Negotiations were unsuccessful, and New York Marine entered into a settlement agreement with Yates whereby it agreed to pay Yates $155,000 and release and assign the ABS claim to Yates in exchange for a full and final release of New York Marine's obligations under the performance bond.

ABS and Bertas then filed suit in Mississippi state court against New York Marine and Allstar for breach and bad faith breach of the indemnity agreement, breach of fiduciary duty, conspiracy to wrongfully convert assets, tortious interference with the subcontract and business relationship, and outrage. The defendants removed to federal court on diversity grounds, counterclaimed for breach of the indemnity agreement, and, after discovery, moved for summary judgment. After holding a hearing, the court orally granted defendants' motion for summary judgment with respect to plaintiffs' claims for breach of fiduciary duty, conspiracy to wrongfully convert assets, tortious interference with a business relationship, and outrage; and denied summary judgment with respect to plaintiffs' claims for breach and bad faith breach of the indemnity agreement and tortious interference with the subcontract. The court ruled also that if the parties were to proceed to trial, the contract claims would be evaluated under Georgia law.

The parties proceeded to trial, which lasted for six days. After seven hours of deliberations, the jury reported that it was "at an impasse" and "d[id] not

No. 12-60516

believe [it] w[ould] be able to reach a unanimous decision." The parties orally joined in moving the court to give a modified *Allen* charge, but disagreed as to its form. Over plaintiffs' objections, the court delivered the following instruction to the jury:

> Members of the jury, I'm going to ask that you continue your deliberations in an effort to agree upon a verdict and dispose of this case. And I have a few additional comments I would like for you to consider as you do so.
>
> This is an important case. The trial has been expensive in time, effort and money to all parties. If you should fail to agree on a verdict, the case is left open and must be tried again. Obviously, another trial would only serve to increase the costs to both sides, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.
>
> Any future jury must be selected in the same manner and from the same source as you were chosen, and there is reason [*sic]* to believe that the case could ever be submitted to men more conscientious, more impartial, more competent to decide it or that more or clearer evidence would be produced.
>
> Those of you who believe that the plaintiffs have proved their case by a preponderance of the evidence should stop and ask yourselves if the evidence is really sufficient enough, given that other members of the jury are not convinced. And those of you who believe that the plaintiffs have not proved their case by a preponderance of the evidence should stop and ask yourselves if the doubt you have is sufficient, given that other members of the jury do not share your view. Those of you who believe that the defendants have proved their counterclaim by a preponderance of the evidence should stop and ask yourselves if the evidence is really sufficient enough, given that other members of the jury are not convinced. And those of you who believe that the defendants have not proved their counterclaim by a preponderance of the evidence should stop and ask yourselves if the doubt you have is sufficient, given that other members of the jury do not share your view.

No. 12-60516

Remember at all times that no juror is expected to yield a conscientious opinion he or she may have as to the weight or effect of the evidence. But remember also that after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so without surrendering your conscientious opinion. You must also remember that if the evidence in the case fails to establish plaintiff's case by a preponderance of the evidence, the defendants should have your unanimous verdict. Likewise, you must also remember that if the evidence in the case fails to establish defendant's counterclaims by a preponderance of the evidence, the plaintiffs should have a unanimous verdict.

You may be as leisurely in your deliberations as the occasion may require and should take all the time which you feel is necessary. I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given to you. You may be excused to continue to deliberate.

The jury deliberated for three more hours, and then returned a general verdict for the defendants on all counts. The court entered final judgment for the defendants, which plaintiffs timely appealed.

## DISCUSSION

Plaintiffs argue on appeal that the district court erred in ruling that Georgia law applied to the contract claims, granting summary judgment on the conspiracy and breach of fiduciary duty claims, and giving the jury a modified *Allen* charge. We address each claim in turn.

## I.    Choice of Law

Plaintiffs contend that Mississippi law, not Georgia law, should have governed the contract claims because Mississippi has a materially greater interest than does Georgia in the resolution of the contract claims. Defendants respond that the choice-of-law provision in the indemnity agreement was properly enforced by the district court because Georgia had a relationship to the contract and there was a reasonable basis for the parties' choice. We review a

district court's choice-of-law determination *de novo. Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010).

A federal court sitting in diversity follows the choice-of-law rules of the forum state. *Id.* Mississippi, the forum state, follows the choice-of-law rules set forth in the Restatement (Second) of Conflicts of Laws. *Id.* at 225–26. Where, as here, the contract at issue contains a choice-of-law provision, the Restatement provides that the laws of the chosen state will be applied unless "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." Restatement (Second) of Conflicts of Laws § 187 (1971).

We agree with the district court that the indemnity agreement is governed by Georgia law. First, Georgia, the chosen state, has a substantial relationship with the parties and the transaction: Allstar is a Georgia corporation, its principal place of business in Georgia, and the bond claim was investigated, managed, and negotiated exclusively by Allstar in Georgia. Second, appellants contend that Mississippi law differs from Georgia law, but do not identify a fundamental policy of Mississippi that the application of Georgia law would violate. Accordingly, the district court did not err in enforcing the parties' choice-of-law provision. *See Herring Gas Co. v. Magee*, 22 F.3d 603, 605–09 (5th Cir. 1994); *Asbury MS Gray-Daniels, L.L.C. v. Daniels*, 812 F. Supp. 2d 771, 778–80 (S.D. Miss. 2011).

## II.    Summary Judgment

Appellants argue that, by settling with Yates, appellees breached their fiduciary duty arising out of the indemnity agreement, and conspired with Yates

to wrongfully convert the ABS claim.  They contend that the district court erred in granting summary judgment on those claims because a reasonable jury, reviewing the summary judgment record in a light most favorable to plaintiffs, could have resolved them in favor of the plaintiffs.

We review a district court's summary judgment *de novo,* applying the same standard as the district court. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).  Summary judgment is warranted if, viewing all evidence in the light most favorable to the non-moving party, the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(c), subsequently renumbered 56(a)).  A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## A.     Breach of fiduciary duty

The parties dispute whether appellees owed appellants any fiduciary duty, but assuming, *arguendo*, that they did, we conclude that the summary judgment record contains no evidence from which a jury could reasonably infer that appellees breached any such duty.  The record discloses that New York Marine, through Allstate, worked closely with both sides over a number of months to find an equitable solution, and only when it became clear that ABS would not agree to perform its obligations did New York Marine exercise its contractual right to settle the claim.  Appellants do not point to any specific evidence supporting their allegations of bad faith, as they are required to do to survive summary judgment, *Copsey v. Swearingen*, 36 F.3d 1336, 1347 (5th Cir. 1994), and, by entering a verdict for appellees on the bad faith breach of contract claim, which shared the same factual basis, the jury made an implicit finding that appellees performed in good faith.

No. 12-60516

## B.    Conspiracy to convert assets

Under Mississippi law, which governs the conspiracy claim, conspiracy is "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully," *Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999); and conversion is an act of dominion wrongfully exerted over another person's tangible personal property in denial of or inconsistent with the owner's title or rights therein, *Mossler Acceptance Co. v. Moore*, 67 So.2d 868, 872 (Miss. 1953).

The district court concluded, and we agree, that the summary judgment record furnished no evidence from which a jury could reasonably infer that New York Marine, Allstar, and Yates conspired to assign ABS's unliquidated claim to Yates; and, in any event, an unliquidated claim is not tangible personal property and therefore cannot be the subject of a claim for conversion under Mississippi law. *See id.* at 873 ("An action will not lie for the conversion of a mere debt or chose in action.").

## III.    *Allen* charge

In *Allen v. United States*, 164 U.S. 492, 501 (1896), the Supreme Court held that if a jury is having difficulty reaching a unanimous verdict, the court may instruct:

> that in a large proportion of cases absolute certainty could not be expected; that, although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor, and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, [on] the other hand, the majority were for acquittal, the minority ought to ask themselves whether they might not

8

reasonably doubt the correctness of a judgment which was not concurred in by the majority.

Any similar supplemental instruction that urges members of a deadlocked jury to put aside their differences is now known as an "*Allen* charge." Courts have broad discretion to "give modified versions of the *Allen* charge, so long as the circumstances under which the district court gives the instruction are not coercive, and the content of the charge is not prejudicial." *United States v. Hitt*, 473 F.3d 146, 153 (5th Cir. 2006). Appellants joined appellees in requesting the *Allen* charge, but requested that portions of the pattern instruction be deleted and amended. Accordingly, we confine our review to an assessment of whether the district court's deviation from the Fifth Circuit pattern *Allen* charge was prejudicial and requires reversal. *See United States v. Fields*, 483 F.3d 313, 339–40 (5th Cir. 2007); *United States v. Jefferson*, 432 F. App'x 382, 387–88 (5th Cir. 2011) (unpublished).

The district court's lone substantive modifications to the Fifth Circuit pattern charge, Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.45 (2012), were to replace references to "the Government" and "the Defendant" with "the Plaintiffs" and "the Defendants," and references to "beyond a reasonable doubt" with "preponderance of the evidence." Because the district court did not deviate from the accepted pattern *Allen* charge except to the extent necessary to conform it to a civil jury trial, we perceive no error. *See United States v. Winters*, 105 F.3d 200, 204 (5th Cir. 1997) (rejecting challenge to modified *Allen* charge on the ground that it was "virtually identical to the language this Circuit has repeatedly approved in the past").

## CONCLUSION

Having concluded that the district court properly enforced the choice-of-law provision, granted summary judgment on the breach of fiduciary duty and conspiracy claims, and gave a modified *Allen* charge, we AFFIRM.