Elizabeth FORTUNE; Bob Fortune, Plaintiffs–Appellants

v.

TAYLOR FORTUNE GROUP, L.L.C., Defendant–Appellee.

No. 15–60009
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 2015.

John Booth Farese, Esq., Farese, Farese & Farese, P.A., Ashland, MS, for Plaintiff–Appellant.

Jack Francis Dunbar, Esq., Edward Russell McNees, Esq., Holcomb, Dunbar, Watts, Best, Masters & Golmon, P.A., Oxford, MS, for Defendant–Appellee.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Plaintiffs-appellants Elizabeth Fortune and Bob Fortune (collectively, "the Fortunes") appeal the district court's denial of their Rule 59(e) motion to alter judgment. For the reasons explained below, we AFFIRM. We also DENY defendant-appellee Taylor Fortune Group, L.L.C.'s ("Fortune Louisiana's") motion for sanctions.

## FACTS AND PROCEEDINGS

In 2006 the Fortunes sold their business, Fortune Equipment, to their son, Chris Fortune ("Chris"), for $771,690. Chris signed a promissory note, providing that he would repay that amount in ninety-six monthly installments. Chris purchased the company under the name Fortune Equipment Company of Nashville, Inc. ("Fortune Tennessee"). In 2009 Chris negotiated the sale of Fortune Tennessee to Fortune Louisiana.[1] The Fortunes, Chris, and Fortune Louisiana's owners ("the Owners") met in Metairie, Louisiana to finalize the sale and to discuss Chris's outstanding debt to the Fortunes. At the time, Chris still owed the Fortunes about $525,000. The Fortunes allege that Chris and Fortune Louisiana reached an oral agreement for Fortune Louisiana to pay the Fortunes a percentage of Fortune Louisiana's sales proceeds from a sales region encompassing Tennessee and northern Mississippi until Chris's remaining debt was satisfied. Fortune Louisiana made payments to the Fortunes from 2010 until 2012 totaling between $75,000.00 and $100,000.00. Fortunes Louisiana stopped payments after this time.

The Fortunes brought suit as third-party beneficiaries for breach of the alleged oral contract between Chris and Fortune Louisiana.[2] Fortune Louisiana filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that Louisiana law governed the dispute and that under Louisiana law, the Fortunes had no legal claim. The district court applied Mississippi choice-of-law rules and agreed with Fortune Louisiana. Because the Fortunes did not have a valid claim under Louisiana law, the district court granted Fortune Louisiana's motion. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

1. Another of the Fortunes' sons founded Fortune Louisiana. He sold it to the present owners before the events underlying this lawsuit took place.

2. The original complaint failed to satisfy the requirements for pleading diversity jurisdiction, stating only that Fortune Louisiana was a Louisiana Corporation with its principle place of business in Metairie, Louisiana, and that the Fortunes resided in Olive Branch,

Mississippi. The district court issued a sua sponte order requiring the Fortunes to file an amended complaint that properly alleged the citizenship of each of Fortune Louisiana's members. The Fortunes amended their complaint, the district court found that diversity jurisdiction existed, and the suit continued. On appeal, we noted sua sponte that the Fortunes had not properly alleged their own citizenship, alleging only their residency. Finding that the record disclosed a substantial likelihood that diversity jurisdiction existed, we granted the Fortunes' motion to amend their complaint to properly allege their citizenship.

court allowed the Fortunes to file an amended complaint. The Fortunes re-alleged the breach of contract claim in their amended complaint.[3] The district dismissed the breach of contract claim in the amended complaint for the same reasons as before. The Fortunes then filed a Rule 59(e) motion to alter judgment, alleging that the district court failed to explain why Louisiana law applied, and that the court erred in refusing to apply Mississippi law. The district court denied the Rule 59(e) motion. The Fortunes appeal from the denial of that motion.

### STANDARD OF REVIEW

We review a district court's dismissal of a claim under Rule 12(b)(6) de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007).[4] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

### DISCUSSION

### I.

■ We consider whether the district court erred when it held that Louisiana law governs this dispute.

District courts sitting in diversity apply the choice-of-law rules of the forum state—here, Mississippi—to determine which state's substantive law should apply. *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir.2010). Mississippi's

choice-of-law test consists of three steps: "(1) determine whether the laws at issue are substantive or procedural; (2) if substantive, classify the laws as either tort, property, or contract; and (3) look to the relevant section of the Restatement (Second) of Conflict of Laws." *Id.* at 225–26 (quoting *Hartford Underwriters Ins. Co. v. Found. Health Servs.*, 524 F.3d 588, 593 (5th Cir.2008)). The laws at issue here are substantive and contractual in nature. Section 188 is the relevant section of the Restatement (Second) of Conflict Laws. Section 188 provides that courts should consider specified contacts when determining which state's laws apply, including: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) of Conflict of Laws § 188(2) (1971). "The Mississippi Supreme Court has not applied this test in a mathematical or mechanical fashion, and uses the factors as a 'practical' way to determine the center of gravity of a contract issue." *Hartford Underwriters*, 524 F.3d at 595 (quoting *Zurich Am. Ins. Co. v. Goodwin*, 920 So.2d 427, 435 (Miss. 2006)).

Applying Mississippi's choice-of-law rules, we agree with the district court that Louisiana substantive law applies here. The alleged oral agreement was negotiated and consummated in Louisiana. Any performance would also take place in Louisi-

---

3. They also asserted a claim for detrimental reliance. The district court dismissed that claim. The Fortunes have not appealed that aspect of the district court's ruling.

4. Because it makes no difference to the outcome of this appeal, we proceed as if the Fortunes appealed from the district court's order dismissing their complaint under Rule

12(b)(6). *See N.Y. Life Ins. Co. v. Deshotel,* 142 F.3d 873, 884 (5th Cir.1998) ("A mistake in designating orders to be appealed does not bar review if the intent to appeal a particular judgment can be fairly inferred and if the appellee is not prejudiced or misled by the mistake.").

ana because Fortune Louisiana would pay the alleged obligation from its offices in that state. Though the Fortunes, who are Mississippi citizens, allege that they are third-party beneficiaries of the alleged oral contract, neither of the actual parties to the contract is a citizen of that state. And the alleged oral contract involved the sale of a Tennessee company's assets to a Louisiana company. At most, some of the sales revenue generated in northern Mississippi would have been paid to the Fortunes. This activity is not sufficient to make Mississippi law controlling.

The Fortunes admitted before the district court that, if Louisiana law applied, the Louisiana statute of frauds would presumptively bar their breach of contract claim. *See Fortune v. Taylor Fortune Grp., LLC,* No. 3:14–CV–105–JMV, 2014 WL 4914393, at *3 (N.D.Miss. Sept. 30, 2014). Because the Fortunes failed to allege sufficient facts to support a plausible inference that Fortune Louisiana waived their statute of frauds defense, we hold that the Fortunes' breach of contract claim is barred by the Louisiana statute of frauds. *See* La. Civ.Code art. 1821.

## II.

We next consider Fortune Louisiana's motion for sanctions.

"[F]ederal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Batson v. Neal Spelce Assocs., Inc.,* 805 F.2d 546, 550 (5th Cir. 1986) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974)). "The essential element in triggering the award of fees is ... the existence of 'bad faith' on the part of the unsuccessful litigant." *Id.* (quoting *Hall v. Cole,* 412 U.S. 1, 6, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973)).

"The standards for bad faith are necessarily stringent," and "[a] party should not be penalized for maintaining an aggressive litigation posture." *Id.*

While we agree that the Fortunes' choice-of-law argument lacks merit, it is not so frivolous as to suggest the presence of bad faith. Accordingly, we deny Fortune Louisiana's motion for sanctions.

### CONCLUSION

For the reasons explained, we AFFIRM the district court's order dismissing the Fortunes' amended complaint under Rule 12(b)(6) and DENY Fortune Louisiana's motion for sanctions.